(No. 66672.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. CLARENCE McCLAIN, Appellant.

*Opinion filed May 24, 1989.*

James J. Ahern, of Connelly & Ahern (Sue Augustus, of counsel), of Chicago, for appellant.

Neil F. Hartigan, Attorney General, of Springfield, and Richard M. Daley, State's Attorney, of Chicago (Terence M. Madsen, Assistant Attorney General, of Chicago, and Inge Fryklund and James S. Veldman, Assistant State's Attorneys, of counsel), for the People.

JUSTICE CLARK delivered the opinion of the court:

Appellant, Clarence McClain, was arrested for driving under the influence of alcohol. A breathalyzer test disclosed a 0.14 concentration of alcohol in his blood, and McClain's driver's license was summarily suspended by the Secretary of State pursuant to section 11—501.1 of the Illinois Vehicle Code (the Code) (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1). The circuit court of Cook County rescinded the summary suspension due to perceived defects in the documentation filed by the arresting officer. The appellate court reversed the judgment of the circuit court and reinstated the suspension. (165 Ill. App. 3d 157.) We subsequently granted McClain's petition for leave to appeal (107 Ill. 2d R. 315(a)).

We begin consideration of this appeal with an examination of the summary suspension process. Under the summary suspension statute, any person who drives or is in actual physical control of a motor vehicle upon a public highway of this State is deemed to have given consent to a chemical test or tests of blood, breath or urine for purposes of determining the alcohol, other drug, or combination thereof content of such person's blood. (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1(a).) Under the implied-consent doctrine, a person requested to submit to this test must be warned by the arresting officer that a refusal to submit to the test or a finding of an alcohol concentration of 0.10 or greater will result in summary suspension of the person's driver's license. (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1(c).) The officer is then required to submit a sworn report to the Secretary of State and the circuit court of venue certifying that the test was requested and that the person either refused to submit to

the test or submitted to testing which disclosed an alcohol concentration of 0.10 or more. (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1(d).) Upon receipt of the officer's sworn report, the Secretary of State summarily suspends the person's license. Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1(e).

A person whose driving privileges are suspended under section 11—501.1 may request a hearing in the circuit court to seek rescission of the suspension pursuant to section 2—118.1 of the Code (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1). Section 2—118.1 provides in part:

"The scope of the hearing shall be limited to the issues of:

1. Whether the person was placed under arrest for an offense as defined in Section 11—501, or a similar provision of a local ordinance, as evidenced by the issuance of a Uniform Traffic Ticket; and

2. Whether the arresting officer had reasonable grounds to believe that such person was driving or in actual physical control of a motor vehicle while under the influence of alcohol, other drug, or combination thereof; and

3. Whether such person, after being advised by the arresting officer that the privilege to operate a motor vehicle would be suspended if the person refused to submit to and complete the test or tests, did refuse to submit to or complete such test or tests to determine the person's alcohol or drug concentration; or

4. Whether the person, after being advised by the arresting officer that the privilege to operate a motor vehicle would be suspended if the person submits to a chemical test, or tests, and such test discloses an alcohol concentration of 0.10 or more, and such person did submit to and complete such test or tests which determined an alcohol concentration of 0.10 or more." Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1(b).

In the present case, McClain requested a hearing pursuant to section 2—118.1 of the Code (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1). In his "Petition to Rescind Statutory Suspension" he alleged that: (1) he was not properly placed under arrest for an offense defined in section 11—

501.1 of the Code; (2) the arresting officer did not have reasonable grounds to believe that he was driving while under the influence of alcohol; (3) he had not been adequately warned by the arresting officer; and (4) he did not refuse to submit to the breathalyzer test pursuant to the statute. However, at the hearing, McClain argued two other grounds for rescission. He claimed that the arresting officer's failure to swear under oath as to the truth of his reports, along with the officer's failure to list the time and place of the breathalyzer test, invalidated the summary suspension entered by the Secretary of State. The trial court found the sworn report was fatally defective and rescinded McClain's suspension.

On appeal, the appellate court reversed the trial court and reinstated McClain's suspension. It held that the questions of whether the arresting officer failed to swear under oath to the truth of his report and whether the form was correctly completed were outside the scope of a section 2—118.1 hearing. (165 Ill. App. 3d at 163.) The appellate court held that such matters could only be raised in an administrative hearing before the Secretary of State. 165 Ill. App. 3d at 164.

McClain maintains that the appellate court's decision unduly restricts the scope of a section 2—118.1 hearing and urges us to affirm the trial court. The State contends that the appellate court properly limited the scope of a section 2—118.1 hearing to the issues specifically enumerated in the statute. The State further argues that even if deficiencies in the officer's report could be considered at a rescission hearing, the evidence establishes that the arresting officer's report complied with the statute and that McClain's license was properly suspended.

Thus, the first issue we must decide is whether the circuit court could consider alleged deficiencies in the sworn report at the rescission hearing. We find the case of *People v. Badoud* (1988), 122 Ill. 2d 50, to be dispositive of this issue. In *Badoud*, the motorist similarly challenged the sufficiency of the officer's sworn report on

the basis that it had not been affirmed before an individual authorized to administer oaths. In holding that this issue could be considered at a rescission hearing, this court stated:

"[W]e do not believe that the General Assembly intended to preclude at the hearing inquiry into whether the report was properly sworn. This is indicated in part by the fact that section 2—118.1 states that the hearing 'may be conducted upon a review of the law enforcement officer's own official reports.' (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1(b).) It would seem incongruous to permit conducting a hearing based on a report and yet not permit examination of whether the report was properly sworn. Moreover, in this expedited proceeding the sworn report also serves a function analogous to a complaint in an ordinary civil proceeding. Section 2—118.1 states that the hearing is to proceed in the same manner as in other civil proceedings, and in an ordinary civil proceeding a circuit court is not precluded from examining and permitting amendment to the complaint. For these reasons we conclude that the circuit court could properly consider whether the report was sworn to in accordance with the statute." 122 Ill. 2d at 54.

We recognize that the appellate court did not have the benefit of *Badoud* at the time it decided this case. However, pursuant to *Badoud*, we hold that the trial court properly considered whether the report was "sworn" at the rescission hearing.

We next consider whether the documents filed by the arresting officer constituted a "sworn report" as required by section 11—501.1(d) of the Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11-501.1(d)). The record establishes that the arresting officer customarily executed and forwarded three documents to the Secretary of State and the circuit court.

The first document, labeled "Law Enforcement Sworn Report," notified McClain that the chemical test administered showed an alcohol concentration of 0.14 and that his driver's license would be suspended for a

minimum of three months. This report was signed by the officer under the following notation:

> "I do solemnly, sincerely and truely [*sic*] declare and affirm that I have placed the above named person under arrest for a violation of section 11—501 of the Illinois Vehicle Code or a similar provision of a local ordinance. *** I further solemnly, sincerely and truely [*sic*] declare and affirm that pursuant to section 11—501.1 of the Illinois Vehicle Code I have served immediate notice of summary suspension of driving privileges on the above named person."

The second document was a "Warning to Motorists" in which the officer "solemnly, sincerely and truely [*sic*] declare[d] and affirm[ed]" that he had given the warning required by section 11—501.1(c) of the Code to Clarence McClain. Neither of these instruments provided space for the officer to swear under oath before an official authorized to administer an oath.

Finally, a third document styled "Verification of Certification" and "Supplement to 'Warning to Motorist' and 'Law Enforcement Sworn Report' " was attached to the warning and the report. This document certified as true the contents of both the warning and the law enforcement report, with the following provision:

> "Under penalties provided by law pursuant to Section 1—109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in the warning to motorists and law enforcement sworn report, attached hereto and made a part hereof, are true and correct except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies that he verily believes the same to be true."

The State contends that this certification is the equivalent of swearing under oath and is sufficient to satisfy the requirements of section 11—501.1(d) of the Code. We agree.

As noted previously, section 11—501.1(d) requires that an arresting officer submit a sworn report to the circuit court of venue and the Secretary of State certifying that a chemical test was requested and that the driver either

refused or failed the test. (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1(d).) In the event that the driver requests a summary suspension hearing, the sworn report serves a function analogous to that of a complaint in an ordinary civil proceeding. (*People v. Badoud* (1988), 122 Ill. 2d 50, 54.) In a civil proceeding, a complaint is "sworn" if it is certified in accordance with section 1—109 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 1—109). Section 1—109 provides in part:

> "Unless otherwise expressly provided by rule of the Supreme Court, whenever in this Code any complaint *** or other document or pleading filed in any court of this State is required or permitted to be verified, or made, sworn to or verified under oath, such requirement or permission is hereby defined to include a certification of such pleading, affidavit or other document under penalty of perjury as provided in this Section.

> \* \* \*

> Any pleading, affidavit or other document certified in accordance with this Section may be used in the same manner and with the same force and effect as though subscribed and sworn to under oath." (Ill. Rev. Stat. 1985, ch. 110, par. 1—109.)

Section 1—109 further provides that any person who makes a false statement certified in accordance with this section is guilty of a Class 3 felony. Ill. Rev. Stat. 1985, ch. 110, par. 1—109.

Thus, any document verified in accordance with section 1—109 of the Code clearly subjects the person executing the verification to penalties for perjury. In using the term "sworn report," the General Assembly contemplated that a report would be signed under the pains and penalties of perjury. (*People v. Badoud* (1988), 122 Ill. 2d 50, 55.) Consequently, we hold that a verification pursuant to section 1—109 of the Code of Civil Procedure satisfies the requirements of section 11—501.1 of the Code that a report be sworn.

The second alleged deficiency in the officer's report was the omission of the date, time and place of the

breathalyzer test. The "Law Enforcement Sworn Report" contained sections titled "PLACE OF REFUSAL/ TEST" and "REF./TEST DATE." The arresting officer mistakenly believed that these sections did not apply to McClain since he had consented to the breathalyzer test, and did not complete them but, rather, penciled in "D.N.A." The appellate court held that the officer's failure to properly complete the report could not be considered at a rescission hearing. (165 Ill. App. 3d 157.) We cannot agree.

In a summary suspension hearing the burden of proof is on the motorist to present a *prima facie* case for rescission. (*People v. Orth* (1988), 124 Ill. 2d 326.) Where the argument for rescission is based on the fact that the test results are unreliable, the motorist is not precluded from contesting their validity (*People v. Hamilton* (1987), 118 Ill. 2d 153, 160) and may present evidence of any circumstance which tends to cast doubt on the accuracy of the test results (*People v. Orth* (1988), 124 Ill. 2d 326). The length of time between the arrest and the breathalyzer test is a factor which affects the weight to be afforded to the test results and should be considered in relation to the facts and circumstances surrounding the arrest. (*People v. Call* (1988), 176 Ill. App. 3d 571, 579.) Thus, the manner in which the report was completed may be relevant to the validity of the test results and could therefore be considered by the trial court.

We do not feel, however, that the officer's failure to include the time and place of the test on his report was cause for rescission in this case. Section 11—501.1 authorizes the Secretary of State to summarily suspend a driver's license upon receipt of a law enforcement officer's sworn report certifying (a) that the motorist was arrested for driving under the influence of alcohol and (b) that the person either refused to submit to a test, or submitted to testing which disclosed an alcohol concentration of 0.10 or more. (Ill. Rev. Stat. 1985, ch. 95½, pars. 11—501.1(d), (e).) There is no requirement that the

time of the test be included in the report. Rather, the time at which the test was administered is merely an evidentiary issue which may be considered in determining the weight to afford to the test results.

Having thus decided, we consider whether McClain established a *prima facie* case for rescission based on other grounds. The record indicates that Officer Ciszewski, the arresting officer, testified that on March 3, 1986, at approximately 3:20 a.m., he observed McClain's vehicle make a U-turn on 75th Street and disregard a stop sign at the intersection of Coles and 75th Streets. At the time of the arrest, McClain's eyes were bloodshot and watery, there was a strong odor of alcohol on his breath, his speech was slurred and he had difficulty maintaining his balance. The officer placed McClain under arrest for driving under the influence of alcohol and took him to the Third District police station, where he advised him of his rights under the summary suspension statute. McClain indicated that he understood the warnings and consented to a breathalyzer test, which was then administered by Officer Ricks in Officer Ciszewski's presence.

The record also contains a stipulation that if Officer Ricks of the Chicago police department were to testify, he would testify that on March 3, 1986, at approximately 4:49 a.m., he administered a breathalyzer test to McClain which disclosed a blood-alcohol concentration of 0.14. The breathalyzer machine in question was in proper working order at the time and had been tested both before and after the test given to McClain. There is no evidence challenging either probable cause for the arrest, the date or time of the test, or the accuracy of the test results. Based on these facts, McClain did not establish the invalidity of the summary suspension. Accordingly, the judgment of the appellate court reinstating McClain's suspension is affirmed.

*Judgment affirmed.*