(No. 74768)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. GEORGE P. FITZPATRICK, Appellee.

*Opinion filed February 17, 1994.—Rehearing denied April 4, 1994.*

FREEMAN, J., joined by MILLER, J., dissenting.

Roland W. Burris, Attorney General, of Springfield, and Henry Bergmann, State's Attorney, of Carlyle (Rosalyn B. Kaplan, Solicitor General, and Terence M. Madsen, Arleen C. Anderson, and Michael A. Hurst, Assis-

tant Attorneys General, of Chicago, of counsel), for the People.

Clyde L. Kuehn, of Kuehn & Trentman, of Belleville, for appellee.

CHIEF JUSTICE BILANDIC delivered the opinion of the court:

The defendant, George P. Fitzpatrick, was charged by information in the circuit court of Clinton County with seven counts of aggravated criminal sexual assault against his four minor grandchildren in violation of section 12—14(b)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1989, ch. 38, par. 12—14(b)(1)). Section 12—14(b)(1) states: "The accused commits aggravated criminal sexual assault if: the accused was 17 years of age or over and commits an act of sexual penetration with a victim who was under 13 years of age when the act was committed." The information in this case alleged that between June 1, 1989, and June 1, 1991, the defendant knowingly committed acts of sexual penetration against four of his grandchildren, all of whom were under 13 years of age when the acts were committed. A violation of section 12—14(b)(1) is a felony offense. See Ill. Rev. Stat. 1989, ch. 38, par. 12—14(d).

Next, the State moved pursuant to section 106B—1 of the Code of Criminal Procedure of 1963 (the Child Shield Act) (Ill. Rev. Stat. 1991, ch. 38, par. 106B—1) for an order allowing the testimony of the four grandchildren to be presented at trial outside the courtroom by means of closed circuit television. The motion alleged that the children would suffer serious emotional or other severe adverse effects, or might be unable to reasonably communicate, absent an order allowing their testimony to be presented solely by closed circuit television.

The defendant moved to declare the Child Shield Act unconstitutional pursuant to the confrontation

clause of the Illinois Constitution. (Ill. Const. 1970, art. I, § 8.) Specifically, the defendant argued that the Child Shield Act, which allows for a child to testify outside the presence of the defendant, but subject to contemporaneous cross-examination by the defendant's counsel, violated the confrontation clause of the Illinois Constitution because the defendant is not permitted to meet the witness "face to face." The circuit court held that the Child Shield Act violated article I, section 8, of the Illinois Constitution and, therefore, was unconstitutional. The State appealed directly to this court pursuant to Supreme Court Rule 603 (134 Ill. 2d R. 603).

The issue now before this court is whether the Child Shield Act (Ill. Rev. Stat. 1991, ch. 38, par. 106B—1) violates the confrontation clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 8). The Child Shield Act provides in pertinent part:

"§ 106B—1. (a)(1) In a proceeding in the prosecution of an offense of criminal sexual assault, aggravated criminal sexual assault, criminal sexual abuse or aggravated criminal sexual abuse, a court may order that the testimony of a child victim under the age of 18 years be taken outside the courtroom and shown in the courtroom by means of a closed circuit television if:
(i) The testimony is taken during the proceeding; and
(ii) The judge determines that testimony by the child victim in the courtroom will result in the child suffering serious emotional distress such that the child cannot reasonably communicate or that the child will suffer severe emotional distress that is likely to cause the child to suffer severe adverse effects.
(2) Only the prosecuting attorney, the attorney for the defendant, and the judge may question the child." Ill. Rev. Stat. 1991, ch. 38, pars. 106B—1(a)(1), (a)(2).

The only persons allowed in the room with the child when the child testifies by closed circuit television are the prosecuting attorney, defense counsel, the judge, operators of the closed circuit television equipment, and

any person whose presence contributes to the well-being of the child. (Ill. Rev. Stat. 1991, ch. 38, par. 106B—1(b)(1).) Although the defendant remains in the courtroom while the child testifies by closed circuit television, the defendant is permitted to communicate with the persons in the room where the child is testifying by any appropriate electronic method. (Ill. Rev. Stat. 1991, ch. 38, pars. 106B—1(b)(2), (b)(3).) Despite the protection afforded a child under this Act, the provisions of this Act do not apply if the defendant represents himself *pro se*. Ill. Rev. Stat. 1991, ch. 38, par. 106B—1(c).

The defendant contends that the Child Shield Act is unconstitutional because it violates the confrontation clause of the Illinois Constitution by denying a defendant's right to face a witness during testimony. Accordingly, we must determine whether or not the Illinois Constitution entitles a defendant to a face-to-face encounter with a witness.

Our inquiry is guided by long-standing principles of statutory construction. We begin by noting that, in general, the rules of statutory construction are applicable to the construction of constitutional provisions. (*People ex rel. Chicago Bar Association v. State Board of Elections* (1990), 136 Ill. 2d 513, 526, citing *Coalition for Political Honesty v. State Board Of Elections* (1976), 65 Ill. 2d 453, 464.) This court has long held that the primary rule of statutory construction is to ascertain and give effect to legislative intent. (*Business & Professional People for the Public Interest v. Illinois Commerce Comm'n* (1991), 146 Ill. 2d 175, 207; *People v. Hare* (1988), 119 Ill. 2d 441, 447.) Legislative intent is best evidenced by the language used in the statute. (*Business & Professional People*, 146 Ill. 2d at 207; *Kraft, Inc. v. Edgar* (1990), 138 Ill. 2d 178, 189; *Hare*, 119 Ill. 2d at 447.) Where the statutory language is clear and unambiguous, it will be given effect without resorting to other

aids for construction (*e.g.*, this court need not refer to the legislative history). *People ex rel. Baker v. Cowlin* (1992), 154 Ill. 2d 193, 197; *Business & Professional People*, 146 Ill. 2d at 207; *People v. Boykin* (1983), 94 Ill. 2d 138, 141.

Applying these basic principles of law, we conclude that the confrontation clause of the Illinois Constitution provides that a defendant is entitled to a face-to-face confrontation with a witness. The language of the Illinois confrontation clause is not ambiguous. The confrontation clause in article I, section 8, of the Illinois Constitution unequivocally states: "In criminal prosecutions, the accused shall have the right *** *to meet the witnesses face to face.*" (Emphasis added.) (Ill. Const. 1970, art. I, § 8.) The language in the Illinois Constitution confers an express and unqualified right to a face-to-face confrontation with witnesses. Clearly, a witness who is examined by closed circuit television does not provide the defendant with the face-to-face encounter envisioned by the drafters of the Illinois Constitution. Since the language is clear and unambiguous this court need not refer to the constitutional debates, but must enforce the constitutional provision as enacted.

The State argues that the Child Shield Act does not violate a defendant's right to confrontation under the confrontation clause of the Illinois Constitution. The State contends that the essence of confrontation under the Illinois Constitution is identical to the essence of confrontation afforded by the sixth amendment of the United States Constitution. According to the State, the essence of confrontation is a defendant's right to confront witnesses through vigorous cross-examination. Because the confrontation clauses in the Illinois and United States Constitutions are to be construed the same, the State insists that the United States Supreme Court's decision in *Maryland v. Craig* (1990), 497 U.S.

836, 111 L. Ed. 2d 666, 110 S. Ct. 3157, is applicable to the instant case. Relying upon the principles announced in *Craig*, the State concludes that the Child Shield Act does not violate a defendant's right to confrontation.

In *Craig*, the Court upheld a Maryland statutory procedure whereby a child witness in a child abuse case testified against a defendant at trial, outside the defendant's physical presence, by one-way closed circuit television. (*Maryland v. Craig* (1990), 497 U.S. 836, 111 L. Ed. 2d 666, 110 S. Ct. 3157.) The Court held that the confrontation clause of the sixth amendment of the United States Constitution does not guarantee criminal defendants an absolute right to a face-to-face meeting with witnesses against them at trial. (*Craig*, 497 U.S. at 844, 111 L. Ed. 2d at 677, 110 S. Ct. at 3163.) While the Court acknowledged that the sixth amendment's confrontation clause reflects a preference for face-to-face confrontation at trial, it nonetheless held that this preference must occasionally give way to considerations of public policy and the necessities of the case. (*Craig*, 497 U.S. at 849, 111 L. Ed. 2d at 681, 110 S. Ct. at 3165.) Moreover, the Court found that although Maryland's statutory procedure prevented a child witness from seeing the defendant as he or she testified, the procedure preserved all of the other elements of confrontation (*i.e.*, oath, cross-examination, and observation of the witness' demeanor). (*Craig*, 497 U.S. at 851, 111 L. Ed. 2d at 682, 110 S. Ct. at 3166.) Thus, the Court concluded that the use of the one-way closed circuit television procedure, where necessary to further an important State interest (*i.e.*, a State's interest in the physical and psychological well-being of child abuse victims) did not impinge upon the truth-seeking or symbolic purposes of the sixth amendment's confrontation clause. *Craig*, 497 U.S. at 852-53, 111 L. Ed. 2d at 682-83, 110 S. Ct. at 3167.

*Craig*, however, is distinguishable from the case at bar. In *Craig*, the Court examined a Maryland statute with respect to the sixth amendment of the United States Constitution. The confrontation clause of the sixth amendment states: "In all criminal prosecutions, the accused shall enjoy the right *** *to be confronted with the witnesses against him.*" (Emphasis added.) (U.S. Const., amend. VI.) Unlike its Federal counterpart, however, article I, section 8, of the Illinois Constitution clearly, emphatically and unambiguously requires a "face to face" confrontation. Based upon this distinction, the United States Supreme Court's reasoning in *Craig* should not be applied to the instant case. Additionally, this court has previously held that in interpreting the Illinois Constitution it is not bound by the United States Supreme Court's interpretation of similar Federal constitutional provisions. See *People v. DiGuida* (1992), 152 Ill. 2d 104, 118.

Before concluding, we note that the Pennsylvania Supreme Court also declined to follow the reasoning in *Craig* and held that use of closed circuit television to transmit a child's testimony violated the defendant's State constitutional right to "face to face" confrontation. (*Commonwealth v. Ludwig* (1991), 527 Pa. 472, 594 A.2d 281.) Article I, section 9, of the Pennsylvania Constitution expressly guarantees an accused the right to meet witnesses "face to face." (*Ludwig*, 527 Pa. at 476, 594 A.2d at 282.) The court noted: " '[W]e have no right to disregard or (unintentionally) erode or distort any provision of the constitution, especially where, as here, its plain and simple language make its meaning unmistakably clear.' " *Ludwig*, 527 Pa. at 479, 594 A.2d at 284, quoting *Commonwealth v. Russo* (1957), 388 Pa. 462, 470-71, 131 A.2d 83, 88.

For the above reasons, we conclude that the Child Shield Act (Ill. Rev. Stat. 1991, ch. 38, par. 106B—1) is

unconstitutional because it fails to provide the defendant with a face-to-face confrontation with a witness and thus violates the confrontation clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 8). We therefore affirm the judgment of the circuit court.

*Affirmed.*

JUSTICE FREEMAN, dissenting:

The majority holds that the Child Shield Act (Act) (Ill. Rev. Stat. 1991, ch. 38, par. 106B—1) impermissibly abridges a defendant's right to confront his accuser as guaranteed by article II, section 8, of our constitution. However, the majority has failed to demonstrate that the substance of the Illinois confrontation clause is abridged by application of the Act. Therefore, I respectfully dissent.

The majority interprets the language in Illinois' confrontation clause as "confer[ring] an express and unqualified right to a face-to-face confrontation with witnesses." (158 Ill. 2d at 365.) A witness permitted to testify via closed circuit television, as provided for under the Act, denies a defendant the face-to-face encounter envisioned by the drafters of our constitution. (158 Ill. 2d at 365.) Thus, the majority holds the Act is unconstitutional.

I disagree with this analysis and the resulting conclusion. To support its position, the majority attempts a distinction between the Federal and the Illinois confrontation clauses. Article I, section 8, of the Illinois Constitution states, "In criminal prosecutions, the accused shall have the right *** to meet the witnesses face to face ***." (Ill. Const. 1970, art. I, § 8.) The confrontation clause of the sixth amendment states: "In all criminal prosecutions, the accused shall enjoy the right *** to be confronted with the witnesses against him ***." (U.S. Const., amend. VI.) The majority reasons that because the Illinois provision expressly requires a

face-to-face encounter, the comparable Federal confrontation provision is inapposite to the Illinois provision. Further, the majority reasons, Federal decisional law, particularly, *Maryland v. Craig* (1990), 497 U.S. 836, 111 L. Ed. 2d 666, 110 S. Ct. 3157, which examines the propriety of testimony given via closed-circuit television in the context of a sixth amendment claim, is inapplicable to this case.

The mainstay of the majority's analysis is that the Federal confrontation clause is inapposite to the Illinois provision. The majority can only reach this conclusion by overlooking significant Supreme Court cases which have long established the breadth and meaning of the sixth amendment clause. Even a cursory review of those decisions reveals that, although phrased differently, the two provisions are synonymous. No distinction can be drawn between the protections provided by the two clauses where the one simply expressly provides for what the other, though stated differently, intends.

As early as 1899, in *Kirby v. United States* (1899), 174 U.S. 47, 55, 43 L. Ed. 890, 894, 19 S. Ct. 574, 577, the Court described the operation of the clause as follows: "[A] fact which can be primarily established only by witnesses cannot be proved against an accused *** except by *witnesses who confront him at the trial, upon whom he can look while being tried ***.*" (Emphasis added.) Later, in *Dowdell v. United States* (1911), 221 U.S. 325, 330, 55 L. Ed. 753, 757, 31 S. Ct. 590, 592, the Court described a provision of the Philippine bill of rights as substantially the same as the sixth amendment, and proceeded to interpret it as intended "to secure the accused in the right to be tried, so far as facts provable by witnesses are concerned, *by only such witnesses as meet him face to face at the trial.*" (Emphasis added.) More recently, in *Coy v. Iowa* (1988), 487 U.S. 1012, 101 L. Ed. 2d 857, 108 S. Ct. 2798, the Court detailed the

origin of the term "confrontation." After tracing its origin, the Court stated that "[w]e have never doubted *** that *the Confrontation Clause guarantees the defendant a face-to-face meeting with witnesses* appearing before the trier of fact." (Emphasis added.) *Coy*, 487 U.S. at 1016, 101 L. Ed. 2d at 864, 108 S. Ct. at 2801.

Unquestionably, the sixth amendment's right to confront witnesses language, like the comparable Illinois clause, requires a face-to-face encounter. That settled, the difference in phraseology can provide no basis for the distinction the majority seeks to make.

Furthermore, it is significant that this court has held that "[d]espite the language difference, the two clauses are meant to protect the same interest." (*People v. Tennant* (1976), 65 Ill. 2d 401, 408.) In *Tennant*, this court cited, approvingly, to Dean Wigmore's discourse on the various protections provided by the confrontation clause. The court noted Wigmore's observation that the advantage obtained by the personal appearance of the witness at trial is only secondary to the more essential purpose of cross-examination. *Tennant*, 65 Ill. 2d at 409. See also *People v. Ferguson* (1951), 410 Ill. 87, 90 (holding that "the constitutional right of confrontation (section 9 of article II) is designed to secure to an accused the right to cross-examine the witnesses who testify against him").

The Supreme Court has similarly observed that the "central concern of the Confrontation Clause is to ensure the reliability of the evidence against a criminal defendant by subjecting it to rigorous testing in the context of an adversary proceeding before the trier of fact." *Craig*, 497 U.S. at 845, 111 L. Ed. 2d at 678, 110 S. Ct. at 3163.

Based upon this body of law, I reject the majority's distinction of the comparable confrontation clauses, as well as its summary dismissal of *Craig*, 497 U.S. 836,

111 L. Ed. 2d 666, 110 S. Ct. 3157, as inapplicable to this case.

I would agree with the majority that we are not bound by the United States Supreme Court's interpretation of Federal constitutional provisions which are similar to our own. (See 158 Ill. 2d at 367.) However, there must, at least, be some substantive basis for our departure. We have not, heretofore, found the difference in phrasing adequate to provide such a basis.

Most recently, in *People v. Levin* (1993), 157 Ill. 2d 138, the defendants argued for a broader interpretation of Illinois' double jeopardy clause based upon a difference in wording between the Illinois and Federal Constitutions. We unanimously rejected that argument, holding that "the difference in wording offers no substantial basis to support a conclusion that Illinois' clause provides broader protections than does its Federal counterpart." (*Levin*, 157 Ill. 2d at 160.) Relying on *People v. Tisler* (1984), 103 Ill. 2d 226, 245, we suggested in *Levin* that, in addition to the language, defendants needed to demonstrate a more substantive basis that our double jeopardy clause was intended to be construed differently than the Federal provision. (*Levin*, 157 Ill. 2d at 160.) Until now, this court has consistently rejected the majority's approach to constitutional construction as inadequate. The majority offers no reason why this approach is now sufficient.

There can be no argument that the face-to-face language in our constitution means just that. The only relevant question is whether, under our constitution, the right to a face-to-face encounter is absolute. The majority holds that it is. Given that both the Illinois and the Federal confrontation clauses require a "face-to-face" confrontation and provide identical protections, I find *Craig* highly persuasive authority that the Illinois provision is not without exception.

The sixth amendment right to confrontation has been held not to be absolute; exceptions have always been recognized. (See *People v. Fiddler* (1970), 45 Ill. 2d 181, 186, citing *Pointer v. Texas* (1965), 380 U.S. 400, 404-05, 13 L. Ed. 2d 923, 927, 85 S. Ct. 1065, 1068.) As a practical matter, a literal reading of the confrontation clause would " 'abrogate virtually every hearsay exception.' " (*Craig*, 497 U.S. at 848, 111 L. Ed. 2d at 680, 110 S. Ct. at 3165, quoting *Ohio v. Roberts* (1980), 448 U.S. 56, 63, 65 L. Ed. 2d 597, 605-06, 100 S. Ct. 2531, 2537.) The same observation can be made with respect to the Illinois provision. That notwithstanding, I fully recognize that the denial of the right to a face-to-face encounter or any significant diminution calls into question the integrity of the fact-finding process. (See 23 C.J.S. *Criminal Law* § 1115 (1989).) However, I firmly believe that in an appropriate case, the right may "bow to accommodate *legitimate interests* in the criminal trial process." (Emphasis added.) *Chambers v. Mississippi* (1973), 410 U.S. 284, 295, 35 L. Ed. 2d 297, 309, 93 S. Ct. 1038, 1046.

It is significant that the majority cites to a Pennsylvania Supreme Court case, *Commonwealth v. Ludwig* (1991), 527 Pa. 472, 594 A.2d 281, which declined to follow the reasoning in *Craig*. (158 Ill. 2d at 367.) Certainly, we regard the jurisprudence of our sister jurisdictions as persuasive authority. In that regard, I would offer *State v. Schaal* (Mo. 1991), 806 S.W.2d 659, which supports a conclusion consistent with *Craig*. In *Schaal*, the Missouri Supreme Court determined whether a State statute, which permitted the introduction of an out-of-court videotaped statement of a child sexual abuse victim, was violative of the Federal and State confrontation provisions. The defendant argued that the inability to cross-examine the victim at the time of the making of the videotape violated his State

and Federal guarantees to confront witnesses against him. Notwithstanding the State's constitutional requirement of a face-to-face encounter, the court held that where the statute requires that the child witness be available to testify at trial, under oath, and be subject to the fact finder's observation of demeanor and the jurors are able to judge the videotaped, recorded testimony for themselves, the defendant's right to confront witnesses is not abridged.

Though *Schaal* is factually distinguishable from the present case, the relevant issue is analogous to the one both in *Craig* and now before this court. Each case presents a question regarding the propriety of depriving a defendant of his constitutional right to a face-to-face encounter with a witness. Both *Craig* and *Schaal* permit such a deprivation where legitimate policy considerations and adequate safeguards for the reliability of evidence are present. Thus, the strength of *Ludwig* is counterbalanced by the existence of *Schaal*.

As stated previously, the right to confrontation enhances the reliability of evidence, thereby preserving the truthseeking goal of trial. The majority does not suggest that the reliability of evidence is rendered less trustworthy under the Child Shield Act. Indeed, the child's face-to-face confrontation with a suspected abuser "may so overwhelm the child as to prevent the possibility of effective testimony, thereby undermining the truthfinding function of the trial itself." See *Coy*, 487 U.S. at 1032, 101 L. Ed. 2d at 874, 108 S. Ct. at 2809 (Blackmun, J., dissenting, joined by Rehnquist, C.J.).

Moreover, the Act expressly provides various safeguards intended to insure the reliability of that evidence. Specifically, the Act requires that the testimony be taken during the proceeding and that the defendant be permitted to communicate with persons in the room with the child. Additionally, because the judge is

permitted to be in the same room with the child, the court is not deprived of the opportunity to observe the child's demeanor while testifying. (See Ill. Rev. Stat. 1991, ch. 38, pars. 106B—1(a)(1), (b)(1), (b)(2), (b)(3).) Though the process of eliciting testimony is altered, such alteration does not rise to the level of a constitutional deprivation. The defendant is not denied the substance of the constitutional protection—the right to cross-examine the witness.

Neither does the majority suggest, nor could it, that the State's interest in the successful prosecution of those persons who sexually abuse society's youth is not a legitimate one. As noted in *Craig*, that a significant majority of States have enacted statutes to protect child witnesses from the trauma of giving testimony in child abuse cases attests to the widespread belief in the importance of such a public policy. See *Craig*, 497 U.S. at 853, 111 L. Ed. 2d at 683, 110 S. Ct. at 3167.

In sum, the majority offers no valid basis for the invalidation of the Child Shield Act. Because the language of our constitution cannot compel the result reached here, the majority leaves us with a result unsupported by law and flawed in its reasoning.

Accordingly, *Craig* provides persuasive authority that the right to a face-to-face encounter is not absolute and must bow to the State's compelling interest in the successful prosecution of child sexual abusers. Dean Wigmore considered it clear that the right of confrontation is provided "not for the idle purpose of gazing upon the witness, or of being gazed upon by him," but rather to permit the opportunity for cross-examination. (5 J. Wigmore § 1395 (Chadbourn rev. ed. 1974).) Under the Act, the defendant is not denied his right to cross-examination and, further, the truthseeking goal is not compromised in the process. For these reasons, I would uphold the Child Shield Act as not violative of the

defendent's confrontation right under the Illinois Constitution.

JUSTICE MILLER joins in this dissent.