Docket No. 101016.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

---

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. BRIAN RAY BYWATER, Appellant.

*Opinion filed December 21, 2006.*

JUSTICE GARMAN delivered the judgment of the court, with opinion.

Chief Justice Thomas and Justices Fitzgerald, Kilbride, and Karmeier concurred in the judgment and opinion.

Justice Freeman dissented, with opinion, joined by Justice Burke.

## OPINION

After being charged with driving without proof of insurance (625 ILCS 5/3–707(a) (West 2002)), improper lane usage (625 ILCS 5/11–709(a) (West 2002)), and two counts of driving while under the influence of alcohol (625 ILCS 5/11–501(a)(1), (a)(2) (West 2002)), defendant Brian R. Bywater was notified that statutory summary suspension of his driver's license would take effect pursuant to the Illinois Vehicle Code (625 ILCS 5/11–501.1 (West 2002)). Defendant contested this summary suspension pursuant to section 2–118.1(b) of the Vehicle Code (625 ILCS 5/2–118.1(b) (West 2002)). On appeal, he argued that the 30-day time limit for holding a rescission hearing set forth in section 2–118.1(b) was not met where, despite timely

serving the State with his petition to rescind by mail, the circuit court of Kane County held the hearing on the thirty-fourth day. The appellate court disagreed, holding that section 2–118.1(b)'s 30-day deadline does not begin to run until the State's actual receipt of a petition to rescind. 358 Ill. App. 3d 191, 198. The court further held that in cases where service is effected by mail, section 2–118.1(b)'s deadline is extended by four days by application of Supreme Court Rule 12(c) (145 Ill. 2d R. 12(c)). 358 Ill. App. 3d 191.

We granted defendant's petition for leave to appeal pursuant to Supreme Court Rule 315 (177 Ill. 2d R. 315) to consider whether the 30-day time limit for conducting a petition to rescind hearing established by section 2–118.1(b) commences on the date of the filing of the petition in the circuit court of venue or is extended by Supreme Court Rule 12(c) to commence running on the date the State receives service. For the reasons discussed below, we reverse the decision of the appellate court and remand this cause to the circuit court for entry of an order granting Bywater's petition to rescind.

## BACKGROUND

On June 29, 2002, defendant was arrested for driving under the influence of alcohol. On that same day, he was notified that statutory summary suspension of his driver's license would take effect on August 14, 2002, under section 11–501.1 of the Illinois Vehicle Code. On July 11, 2002, defendant filed a petition to rescind the summary suspension with the clerk of the circuit court of Kane County pursuant to section 2–118.1(b) of the Vehicle Code, and sent a copy of that filing to the State by first-class mail.

On July 18, 2002, both defendant and the State appeared before the circuit court on the State's motion to set a hearing date on the petition to rescind. At the July 18 appearance, the State argued that because defendant served the State with his petition to rescind by mail, Supreme Court Rule 12(c) applied and the 30-day time limit for conducting a rescission hearing pursuant to section 2–118.1(b) did not actually start until July 15, 2002. The circuit court agreed, entering an order continuing the hearing on the petition to rescind to August 14, 2002.

On August 14, defendant presented a motion to dismiss the statutory summary suspension arguing that dismissal was appropriate because a hearing was not held within 30 days, as required by section 2–118.1(b). The circuit court denied this motion, raising Sixteenth Judicial Circuit Court Rule 34.05(b) (16th Jud. Cir. Ct. R. 34.05(b)) *sua sponte*. The circuit court found rule 34.05(b), which required a defendant to request a hearing on a petition to rescind in open court, controlling and thus the hearing was timely.

On appeal, the appellate court dismissed for lack of jurisdiction, finding that the circuit court still retained jurisdiction over the issues raised in the petition to rescind. See *People v. Bywater*, No. 2–03–0514 (2004) (unpublished order under Supreme Court Rule 23). The appellate court remanded, and on July 7, 2004, the circuit court denied defendant's renewed motion to dismiss as well as his petition to rescind. The circuit court also denied defendant's motion to reconsider. Defendant appealed the case a second time.

In defendant's second appeal, the appellate court held Sixteenth Judicial Circuit Rule 34.05(b) invalid. 358 Ill. App. 3d 191. The appellate court went on to find, however, that section 2–118.1(b)'s 30-day deadline begins to run when service is effective on the State, which, under Supreme Court Rule 12(c), is four days after mailing. 358 Ill. App. 3d at 198. Pursuant to that finding, the appellate court affirmed defendant's suspension. 358 Ill. App. 3d at 198.

Because the State does not challenge the appellate court's finding that the local court rule raised by the circuit court was invalid and acknowledges that it conflicted with section 2–118.1(b) and established precedent, this court will limit its analysis to the issue of whether the 30-day time limit for conducting a petition-to-rescind hearing established by section 2–118.1(b) commences on the date of the filing of the petition in the circuit court of venue or on the date when mailed service is actually effective.

## ANALYSIS

While this court has previously addressed section 2–118.1(b) in *People v. Schaefer*, 154 Ill. 2d 250 (1993), we have not addressed the precise issue of construction described above. The construction of a statute is a question of law which this court reviews *de novo. In re*

*D.S.*, 217 Ill. 2d 306, 313 (2005). The cardinal rule of statutory construction is to ascertain and give effect to the intent of the legislature. *People ex rel. Devine v. Sharkey*, 221 Ill. 2d 613, 617 (2006). The best indication of that intent is the language of the statute, given its plain and ordinary meaning. *People v. McClure*, 218 Ill. 2d 375, 382 (2006). When the language is unambiguous, the statute must be applied as written without resorting to other aids of construction. *People v. Fitzpatrick*, 158 Ill. 2d 360, 364-65 (1994). A statute must be considered in its entirety, though, keeping in mind the subject it addresses and the legislature's apparent objective in enacting it. *People v. Wooddell*, 219 Ill. 2d 166, 170 (2006). With these principles in mind, we turn to the statute at issue here.

Section 11–501.1 of the Illinois Vehicle Code requires the Secretary of State to summarily suspend the driver's license of any motorist who: (1) is arrested for driving under the influence and refuses to submit to testing of his or her blood-alcohol level, (2) tests above the legal limit for alcohol content, or (3) tests positive for an intoxicating substance. 625 ILCS 5/11–501.1 (West 2002). The Vehicle Code allows a motorist to challenge the statutory summary suspension, however, through section 2–118.1(b). That section provides:

> "Within 90 days after the notice of statutory summary suspension served under Section 11–501.1, the person may make a written request for a judicial hearing in the circuit court of venue. The request to the circuit court shall state the grounds upon which the person seeks to have the statutory summary suspension rescinded. *Within 30 days after receipt of the written request* or the first appearance date on the Uniform Traffic Ticket issued pursuant to a violation of Section 11–501, or a similar provision of a local ordinance, *the hearing shall be conducted by the circuit court having jurisdiction*. This judicial hearing, request, or process shall not stay or delay the statutory summary suspension. The hearings shall proceed in the court in the same manner as in other civil proceedings." (Emphases added.) 625 ILCS 5/2–118.1(b) (West 2002).

Though neither party contests that the rules of service must be complied with under section 2–118.1(b), the parties do contest when the 30-day time limit set forth above commences.

The State argues that the statutory language is ambiguous. Specifically, the State focuses on the language emphasized above in section 2–118.1(b) and presents the question of whose receipt of the petition to rescind the statutory summary suspension triggers the 30-day deadline: receipt by the circuit court or receipt by the State. The State urges this court, in light of the structure of the summary suspension statute and the policy behind it, to resolve this purported ambiguity by affirming the appellate court's conclusion that receipt by the State activates section 2–118.1(b)'s 30-day deadline. By that reasoning, the State also contends, as the appellate court found below, that Supreme Court Rule 12(c) applies. Rule 12(c) provides that "[s]ervice by mail is complete four days after mailing." 145 Ill. 2d R. 12(c).

The State argues that because summary suspension becomes effective on the forty-sixth day after a defendant is notified of it (625 ILCS 5/11–501.1(g) (West 2002)), any defendant concerned about obtaining a rescission before the summary suspension takes effect has adequate time to do so, even if the hearing is conducted within 34 rather than 30 days of the petition's filing. As such, the State contends that the difference between its interpretation of section 2–118.1(b) and defendant's interpretation is not material for due process purposes.

Additionally, the State argues that while its review of the Illinois Compiled Statutes uncovered no other provision with language analogous to that disputed here, there are numerous examples of provisions in which a party must take some action within a specified number of days of receipt of some legal notice or document to avoid losing the right to take that action. See, *e.g.*, 205 ILCS 5/48 (West 2002) (the Commissioner of Banks and Real Estate may issue an order of removal of a director, officer, or other agent of a state bank or subsidiary due to circumstances such as violation of the law; the person affected may request a hearing before the state banking board within 10 days of receipt of the Commissioner's order); 705 ILCS 405/2–25(8) (West 2002) (if the person affected is not in court when an order of protection regarding a minor is issued, the sheriff or other server must serve the order upon the person, and the person, within

seven days of receipt, can file a written motion to modify the order); 820 ILCS 305/19(b) (West 2002) (an arbitrator's decision in a workers' compensation case is filed with the Commission, which sends each party a copy, and unless a petition for review is filed by either party within 30 days of receipt, the decision is conclusive). The State points out that in each of these provisions the time deadline is not triggered until the burdened party actually receives some particular notice or document. By analogy, the State contends that because it is the State that has the burden to set a rescission hearing here, so too should the State's time period within which to complete that duty be triggered only after the State becomes aware of it, namely, the day that service is complete. This cited authority makes evident, though, that when the legislature so desires, it is more than capable of writing into a statute unambiguous language establishing time period provisions expressly beginning upon a burdened party's receipt. See, *e.g.*, 205 ILCS 5/48(7) (West 2002) ("*The person affected by the action* may request a hearing before the State Banking Board within 10 days *after receipt* of the order" (emphases added)); 705 ILCS 405/2–25(8) (West 2002) ("The person against whom the protective order was obtained may seek a modification of the order by filing a written motion to modify the order within 7 days *after actual receipt by the person* of a copy of the order" (emphases added)); 820 ILCS 305/19(b) (West 2002) ("Unless a petition for review is filed by either party within 30 days *after the receipt by such party* of the copy of the decision *** then the decision shall become the decision of the Commission and in the absence of fraud shall be conclusive" (emphasis added)).

Considering this, and notwithstanding the State's other arguments, we agree with defendant's position. Guided by principles of statutory construction, we find no ambiguity in the language of section 2–118.1(b). That language, given its plain and ordinary meaning, does not support the position that the 30-day time period of section 2–118.1(b) is triggered by the State's receipt of service of a defendant's petition to rescind. Section 2–118.1(b) does not mention the State at all, let alone in context of the State's receipt of a defendant's petition to rescind. On the contrary, the section repeatedly and consistently refers to the circuit court of venue.

Section 2–118.1(b)'s first sentence describes how a person may make a "written request" with "the circuit court of venue." The second sentence describes the content of "[t]he request to the circuit court." The third sentence establishes the time period within which the hearing shall be held by "the circuit court having jurisdiction" and conditions that time period upon "receipt of the written request." To read into this statute a requirement that the 30-day time period does not begin to run until *the State's receipt of service* would contravene the statute's plain language and run afoul of the oft-repeated principle of statutory construction that when statutory language is unambiguous it must be applied as written. See *People v. Brooks*, 221 Ill. 2d 381, 390 (2006) ("When a term used by the legislature is clear and unambiguous, it is not necessary to resort to other aids of construction"); *Fitzpatrick*, 158 Ill. 2d at 364-65; *People v. Hare*, 119 Ill. 2d 441, 447 (1988).

Further, we note that statutory interpretation is not a tool to be utilized by courts attempting to remedy apparent oversights by rewriting statutes in ways that contravene their clear and unambiguous language. See *People v. Taylor*, 221 Ill. 2d 157, 162-63 (2006). As already described, the legislature could just as easily have provided, as it has in other situations, that the time period within which to take a particular action would not begin to run until the State's actual receipt of service. The legislature did not take that path here. Instead, the receipt of a petition to rescind contemplated by the language of section 2–118.1(b), as written, is the receipt by the circuit court of venue. It is this receipt that commences the running of the 30-day time period delineated in the statute.

This finding comports with *People v. Schaefer*, where this court found that the legislature enacted the summary suspension laws as an appropriate means to deter and remove from the highway drivers who pose a threat to public safety because of their use of alcohol and drugs. *People v. Schaefer*, 154 Ill. 2d 250, 255 (1993), citing Ill. Rev. Stat. 1989, ch. 95½, par. 6–206.1. We went on to note that this goal must be met while guaranteeing defendants notice and an opportunity to be heard so as to satisfy "the concern for protection of the substantive and procedural due process rights of motorists as guaranteed by the United States and Illinois Constitutions." *Schaefer*, 154 Ill. 2d at 261. With that background in mind, we held that section

2–118.1(b)'s "30-day statutory period commences on the date of the filing of a proper petition to rescind in the circuit court of venue, with service on the State, in accordance with the rules of this court." *Schaefer*, 154 Ill. 2d at 261. In this case, we reaffirm that the plain language of section 2–118.1(b) establishes a 30-day period within which a hearing on a petition to rescind summary suspension must be held and again hold that this period commences on the date that petition is received by the circuit court of venue.

It should be emphasized that a defendant has a duty to properly serve the State with any request to rescind the statutory summary suspension of that defendant's driver's license under section 2–118.1(b). See 735 ILCS 5/2–201(a) (West 2002); 145 Ill. 2d R. 11. As this court stated in *People v. Schaefer*, a "defendant's challenge to the summary suspension of driving privileges must be heard within the statutory 30-day period, *unless the delay is occasioned by the defendant*." (Emphasis added.) *Schaefer*, 154 Ill. 2d at 253. In this case, though, defendant did not occasion any delay. In fact, defendant properly served the State by expeditiously sending his petition to rescind to the State by first-class mail on the very same day he filed it with the circuit court. This is not a case where a defendant was remiss in effecting service nor does the State contend it as such.

In its brief, the State cited this court's previous decision in *People v. Cosenza*, 215 Ill. 2d 308 (2005), highlighting a particular provision of that decision where we stated:

> "Construing section 2–118.1(b) in this way champions the interests of both defendants and the State. Defendants retain the right to enforce a timely hearing as contemplated in the statute, and the State is guaranteed at least 30 days to prepare for the hearing once that right is asserted." *Cosenza*, 215 Ill. 2d at 315-16.

This statement was made in the context of a different question of interpretation. The issue presented in *Cosenza* was whether a hearing under section 2–118.1(b) had to be concluded within 30 days of the filing of a petition to rescind or whether it merely had to be commenced within 30 days. The issue in this case, what triggers the commencement of the 30-day hearing deadline, was not before this court in *Cosenza*, nor was it contested by the parties in that case. As

such, we do not conclude that *Cosenza* should dictate our decision in the present case.

CONCLUSION

Because Brian Bywater properly filed a written request to rescind the statutory summary suspension of his driver's license in the circuit court of venue pursuant to section 2–118.1(b) of the Illinois Vehicle Code (625 ILCS 5/2–118.1(b) (West 2002)), and because he properly and timely served the State with that request, the language of the statute required that his hearing be held in the circuit court of venue within 30 days. Because Bywater did not get that hearing within 30 days, this court must reverse the judgment of the appellate court as well as the judgment of the circuit court. Accordingly, this cause is remanded to the circuit court with direction that an order be entered granting Bywater's petition to rescind.

*Appellate court judgment reversed;*
*circuit court judgment reversed;*
*cause remanded with direction.*

JUSTICE FREEMAN, dissenting:

The court's opinion states that it reaffirms *People v. Schaefer.* That is not the case. The court, in fact, reads out from *Schaefer* the requirement that a petitioner serve the petition on the State. This may be unintentional–the court offers no explanation for its elimination of the requirement–but it is certainly what the court's opinion does. The result is twofold: (i) *Schaefer*, rather than being reaffirmed, is overruled, and (ii) confusion will almost certainly result in determining exactly when the 30-day clock for rescission hearings begins to run. I therefore dissent.

In *Schaefer*, this court answered a number of questions that had arisen under section 2–118.1(b) of the Vehicle Code. The case involved three consolidated appeals, the facts of which provide an insight into the confusion that existed in this area of the law. See *Schaefer*, 154 Ill. 2d at 258-68. Principal among those problems was the question of who shouldered the burden of scheduling the

rescission hearing because section 2–118.1(b) was silent as to that question. See *Schaefer*, 154 Ill. 2d at 259, 263. Until *Schaefer*, the appellate court had struggled with the language of the statute with respect to this question and its effect on the 30-day time computation. *Schaefer*, 154 Ill. 2d at 254. This court resolved the issue by holding as follows:

> "[T]he 30-day statutory period commences on the date of the filing of a proper petition to rescind in the circuit court of venue, *with service on the State*, in accordance with the rules of this court. *The burden to set the court hearing date would then shift to the State*."(Emphases added.) *Schaefer*, 154 Ill. 2d at 261.

Thus, completed service, in accordance with our rules, *and* the filing of a "proper petition to rescind"[1] would shift the burden to the State to set the rescission hearing and start the 30-day clock under section 2–118.1(b). Given *Schaefer*'s interpretation of the statute, there can be no question service on the State is a crucial part of the 30-day computation in light of the State's obligation to set the hearing.

The notion that completed service is required to start the 30-day clock has never been questioned in the time since *Schaefer*. Indeed, Justice Miller, writing separately in *Schaefer*, emphasized this service requirement and specifically agreed with it: "I agree with the majority that the time period provided by the statute begins to run when the driver submits and properly serves a written request for a hearing, in accordance with our rules regarding service." *Schaefer*, 154 Ill. 2d at 271 (Miller, C.J., specially concurring). Three years later, in *People v. Smith*, this court reiterated the point by holding that the "hearing on

---

[1]*Schaefer* did not further define what constitutes a "proper" petition. There can be no doubt that a "proper" petition is one that raises a statutory (625 ILCS 5/2–118.1(b)(2) (West 2002)) or other ground for rescission. See, *e.g.*, *People v. Palacios*, 266 Ill. App. 3d 341, 342 (1994) (holding that a defective sworn report may provide a ground for rescission). Closer to this case, this court, in *Schaefer*, indicated that a petition that did not include a certificate of service "establishing that the petition had been served on the State in accordance with Supreme Court Rules 11 and 12" could not serve to trigger the 30-day time period contained in section 2–118.1(b). *Schaefer*, 154 Ill. 2d at 268.

a petition to rescind must be held within 30 days of the date of filing the petition in the circuit court with venue, with service on the State." *People v. Smith*, 172 Ill. 2d 289, 295 (1996). And just last year, in *People v. Cosenza*, we repeated the same point: "[T]he time provision set forth in section 2–118.1(b) of the Vehicle Code is satisfied when the hearing begins 30 days after receipt of defendant's written request (*and service on the State*) unless delay is occasioned by the defendant." (Emphasis added.) *People v. Cosenza*, 215 Ill. 2d 308, 315-16 (2005). Since 1993, service on the State is a condition that a petitioner must satisfy in order to trigger the 30-day time period of section 2–118.1(b).

Thus, to put an even finer point on it, *Schaefer* acknowledged that section 2–118.1(b) did not itself address anything more than the mere filing of a petition and that its silence on other areas caused confusion in statutory summary suspension proceedings. Among other possible options, the court held that the State must be served with the petition in order to meet its burden–which *Schaefer* contemporaneously created–of setting a timely rescission hearing. To that end, *Schaefer* referenced Supreme Court Rules 11[2] and 12 with respect to service.

---

[2]Rule 11 addresses the manner of serving papers other than process and complaint on parties not in default in the trial and reviewing court. 145 Ill. 2d R. 11. This rule should not be confused with section 2–201(a) of the Code of Civil Procedure (735 ILCS 5/2–201(a) (West 2002)), which provides that every action shall be commenced by the filing of a complaint with service according to the rules. The court cites section 2–201(a) in its discussion of the petitioner's duty to serve. Slip op. at 8. If the court means to suggest section 2–118.1(b) contemplates that the petition to rescind acts as the equivalent of a complaint that commences the statutory summary suspension action, it is mistaken. In *People v. McClain*, this court held that it is the officer's sworn report which functions as the complaint in statutory summary suspension proceedings. *People v. McClain*, 128 Ill. 2d 500, 507 (1989). Thus, if anything might be considered a "complaint" in this context, it is certainly *not* the petition to rescind. In my view, much of the confusion wrought to this area of the law stems from analogizing the proceedings under the statute to ordinary civil actions in all instances. It would be more accurate to recognize that rescission hearings under section 2–118.1(b) are noncriminal, statutory proceedings that are informed by the rules of civil practice, to the extent that those rules are applicable.

*Schaefer*, 154 Ill. 2d at 268. Rule 11 allows for service by four methods, including mail.[3] 145 Ill. 2d R. 11. Rule 12 states that when "service of a paper is required, proof of service shall be filed with the clerk." 145 Ill. 2d R. 12(a). Rule 12(c) provides that service by mail "is complete four days after mailing." 145 Ill. 2d R. 12(c). Because *Schaefer* holds that the clock does not begin to run until the petition is filed *and* service is complete, the time-period calculation depends upon the method of service chosen by the petitioner in accordance with our rules. For example, if a petition is filed with the circuit court on November 1 and the proof of service reveals that the State was served personally on that same date, then the 30-day period starts on November 1. If a petition is filed with the circuit court on November 1 and the proof of service reveals that the State was served by mail on that date, then the 30-day period starts on November 5, because service under the rule is effective four days after mailing.[4]

Under this court's construction of section 2–118.1(b) in *Schaefer* and the application of Rules 11 and 12, the resolution of this case is as straightforward as the appellate court found. That court concluded that to ignore the date that service on the State is complete "would improperly burden the State's obligation to set a timely hearing date." 358 Ill. App. 3d at 200. This was especially so, the court noted, in light of the importance the court in *Schaefer* placed on providing notice to the State as the "necessary antecedent in setting summary suspension hearings." 358 Ill. App. 3d at 200, citing *Schaefer*, 154 Ill. 2d at 261. In this case, Brian Bywater elected to serve the State by

---

[3]Rule 11(b) also allows for (i) service on the party or the party's attorney personally, (ii) service by leaving the papers with certain other persons, and (iii) service by facsimile transmittal to the office of the party or the party's attorney if that party has consented to receive service by facsimile transmission. 145 Ill. 2d R. 11(b).

[4]Of course, under Rule 12(c), the clock may begin to run even though the State may not have actually received the petition. For example, if a petition is mailed November 1, Rule 12(c) renders service "complete" on November 5 notwithstanding the actual date of receipt, which may in fact be later. Rule 12(c) was designed to establish a bright line rule to account for delays in mailing. See 145 Ill. 2d R. 12, Committee Comments.

mail. The petition's proof of service states that it was mailed on July 11, 2002, the date on which the petition was filed. Service was therefore not complete until July 15, 2002. The hearing, held on August 14, 2002, was, in fact, timely. I would therefore affirm the appellate court based on *Schaefer* and Supreme Court Rules 11 and 12.

The court, however, rejects this approach for several reasons. Initially, the court notes that section 2–118.1(b) "does not mention the State at all." Slip op. at 6. The court's point may be true, but it also completely disregards that the key holding of *Schaefer* was to *judicially read into the language* of section 2–118.1(b) the State's burden to set a timely hearing. In the 13 years since this court's decision in *Schaefer*, the General Assembly has not altered that interpretation by amendment, and the legislature's inaction must be deemed acquiescence in the holding. See *Miller v. Lockett*, 98 Ill. 2d 478, 483 (1983) (noting that when this court has interpreted a statute, that interpretation is considered as part of the statute itself unless and until the legislature amends it contrary to the interpretation).

The court's second observation similarly fails. The court states that its decision today is supported by the fact that when the legislature wants to indicate that a time period commences upon receipt of service, it makes that point explicit in the statute, and that was not done in section 2–118.1(b). Slip op. at 6. Again, that the statute did not contain such language was the point of *Schaefer*. This court judicially read the service requirement into the statute as a counterpart to the determination that it was the State that had the burden to timely set the rescission hearing. And like the State's burden to set the hearing, the General Assembly has not altered, by amendment, the requirement that a petitioner serve the State.

If the court today means to disagree with the judicial creation of the burden and service requirements in *Schaefer*, this would be a different dissent, because I agree with the approach fashioned in *Schaefer*, which was a unanimous opinion on these points. But that is not what I understand the court's position to be. The court purports to *reaffirm Schaefer*, while in the same breath, entirely ignoring *Schaefer*'s service requirement. The court's resolution of this case does not "comport" with the holding in *Schaefer* (slip op. at 7) but, rather, eviscerates it. Today's opinion serves to hold the State to the

-13-

obligation *Schaefer* imposed upon it while at the same time excusing petitioners from the very requirement that was designed by the court to go hand-in-hand with that obligation.

At the outset of this dissent, I stated that today's opinion will cause confusion to those who practice in this area of the law. That is because, toward the end of its opinion, the court "emphasize[s]" that "a defendant has a duty to properly serve the State with any request to rescind the statutory summary suspension of that defendant's driver's license under section 2–118.1(b)." Slip op. at 8. The court's emphasis is rather meaningless because, up until that point in its opinion, the court has done nothing but stress that the key point, under the statute, is the date of filing. For this reason, I do not know what to make of the court's language about service. It made sense, of course, in *Schaefer*, for the court to emphasize the need for service because of the nature of the court's holding. After all, *Schaefer* created an unusual situation in that the petitioner's taking of an action, *i.e.*, the filing of the petition to rescind, created, under the statute, an affirmative obligation on the part of the State to do something, *i.e.*, set a rescission hearing within a 30-day period. Because the court in *Schaefer* chose to place that affirmative duty on the State, it was not only fair, but logical, that the petitioner must also serve the State in accordance with our rules of service. To hold otherwise would have unfairly started the 30-day clock against the State without first ensuring that the State had been legally apprised of the fact that its obligation to so act had been triggered by the petitioner. Today's opinion divorces the petitioner's service requirement from the State's obligation to set the hearing. Because of this, I believe the opinion will cause undue confusion in our trial courts when both judges and practitioners try to reconcile the notion of "proper service" in this context. I therefore dissent.

JUSTICE BURKE joins in this dissent.