THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. DARREN L. RIBAR, Defendant-Appellee.

Second District   No. 2—01—1210

Opinion filed January 28, 2003.

Gary W. Pack, State's Attorney, of Woodstock (Martin P. Moltz and Gregory L. Slovacek, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Patrick D. Walsh and William C. Gracik, both of Donahue & Corbett, P.C., of McHenry, of for appellee.

JUSTICE GILLERAN JOHNSON delivered the opinion of the court:

Defendant, Darren L. Ribar, was arrested and charged with driving under the influence of alcohol (625 ILCS 5/11—501(a)(2) (West 2000)). Defendant was given notice that his driving privileges would be summarily suspended under section 11—501.1 of the Illinois Vehicle Code (the Code) (625 ILCS 5/11—501.1 (West 2000)). Thereafter, he petitioned the court to rescind the summary suspension. Ultimately, the trial court granted the petition, ruling that defendant had not received a hearing within 30 days of the petition's filing, as required by section 2—118.1(b) of the Code (625 ILCS 5/2—118.1(b) (West 2000)). The State appeals, arguing that the court erred in calculating the 30-day period for the hearing. We reverse.

The relevant facts are as follows. Defendant was arrested and

given his notice of the statutory summary suspension on August 24, 2001. On August 29, 2001, defendant filed his petition to rescind the statutory summary suspension. The trial court continued the hearing twice because the Secretary of State had not yet filed a confirmation of the statutory summary suspension. The confirmation was finally filed on September 24, 2001. On September 28, 2001, defendant's hearing was held. At the hearing, defendant moved to dismiss the summary suspension, claiming the hearing was untimely. The court granted defendant's motion and the State now timely appeals.

The sole issue on appeal is how to compute the 30-day period in which a hearing on a petition to rescind a summary suspension of driving privileges must be held. See 625 ILCS 5/2—118.1(b) (West 2000). This presents a question of law, which we review *de novo*. *People v. Chapman*, 194 Ill. 2d 186, 217 (2000).

■ The State argues that the 30-day period should be calculated under the guidelines of section 1.11 of the Statute on Statutes (the Statute) (5 ILCS 70/1.11 (West 2000)). According to that section, "[t]he time within which any act provided by law is to be done shall be computed by excluding the first day and including the last." 5 ILCS 70/1.11 (West 2000). Excluding the first day, the day the petition was filed, the defendant's hearing would have timely occurred on the thirtieth day.

Defendant, on the other hand, argues that the first day must be included when calculating the time frame. Defendant relies on *People v. Schaefer*, 154 Ill. 2d 250, 259 (1993), in which the court determined that the 30-day period commences with the filing of the petition. Including the first day, the defendant's hearing would have been untimely.

■ We agree with the State. Although section 1.11 of the Statute does not explicitly say that it governs how to calculate the 30-day time period in which a summary suspension rescission hearing must be held, we find that it is implicit. Section 1.11 of the Statute is a general time-computation statute that applies to "any act provided by law." 5 ILCS 70/1.11 (West 2000). A defendant's right to a hearing on his petition to rescind a statutory summary suspension within 30 days is an act provided by law. See 625 ILCS 5/2—118.1(b) (West 2000)). Therefore, it follows that the time period during which a summary suspension rescission hearing must be held falls under the guidelines of section 1.11 of the Statute. See *People v. Burke*, 220 Ill. App. 3d 839, 844 (1991) (applying section 1.11 of the Statute to the summary suspension rescission hearing time period).

Applying the time-computation guidelines of section 1.11 of the Statute is not inconsistent with the holding in *Schaefer*, upon which

the defendant relies. The *Schaefer* court did not specifically address the computation of the 30-day time period. Rather, as noted above, the *Schaefer* court simply held that the 30-day time period begins when a defendant files a petition to rescind a summary suspension. See *Schaefer*, 154 Ill. 2d at 259. As with any other time period governed by section 1.11 of the Statute, an event will always trigger the time period to begin, but the calculation of the time period, including whether to count the first and last days and how to treat weekends and holidays, is to be determined according to the guidelines of section 1.11 of the Statute. See 5 ILCS 70/1.11 (West 2000). Accordingly, we conclude that the trial court erred by granting defendant's petition to rescind the statutory summary suspension.

For the foregoing reasons, we reverse the judgment of the circuit court of McHenry County and remand the cause for further proceedings.

Reversed and remanded.

BOWMAN and O'MALLEY, JJ., concur.