THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PAUL A. COSENZA, Defendant-Appellant.

Third District   No. 3—03—0222

Opinion filed February 11, 2004.

Michael P. McCready and Andrew S. Pigott, both of Law Offices of Michael P. McCready & Associates, of Chicago, for appellant.

Edward D. Smith, State's Attorney, of Kankakee (Lawrence M. Bauer and Richard T. Leonard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LYTTON delivered the opinion of the court:

The petitioner, Paul A. Cosenza, petitioned to rescind the summary suspension of his driver's license after he failed to complete a

Breathalyzer test. The trial court denied his petition. On appeal, Cosenza argues that the trial court erred because (1) the court did not conclude the hearing on his petition within 30 days after he filed the petition, as required by statute (625 ILCS 5/2—118.1(b) (West 2002)); and (2) he was physically incapable of completing the Breathalyzer test. We reverse.

Cosenza was arrested for driving under the influence on October 19, 2002. He was taken to the police station, where he attempted to take a Breathalyzer test. No results registered on the test equipment because Cosenza's breath sample was insufficient. When Cosenza did not attempt to give another sample, the officer administering the test deemed that Cosenza had refused the test. The Secretary of State's office later notified Cosenza that his driver's license would be summarily suspended.

On November 14, 2002, Cosenza filed a petition to rescind his summary suspension. The trial court began a hearing on the petition on December 2, 2002, but it was not completed on that date. The hearing was continued to December 17, 2002. Neither Cosenza's attorney nor the assistant State's Attorney brought to the court's attention that December 17 was more than 30 days after Cosenza had filed his petition.

At the December 17 hearing, Cosenza moved for summary judgment. The motion was denied. At the conclusion of the December 17 hearing, Cosenza's petition was denied. Cosenza's motion to reconsider was also denied.

On appeal, Cosenza argues that the trial court erred in denying his petition to rescind his summary suspension. He argues that under section 2—118.1(b) of the Illinois Vehicle Code, the State had the burden to conclude the hearing on the petition within 30 days after he filed it.

■ Because interpretation of a statute is a question of law, our review of this issue is *de novo*. *Swank v. Department of Revenue*, 336 Ill. App. 3d 851, 785 N.E.2d 204 (2003).

■ Section 2—118.1(b) states that a person whose driver's license is subject to summary suspension may submit a written request to the trial court for a hearing to rescind the suspension.

> "Within 30 days after receipt of the written request[,] *** the hearing shall be conducted by the circuit court ***. This judicial hearing *** shall not stay or delay the statutory summary suspension." 625 ILCS 5/2—118.1(b) (West 2002).

In order to comply with due process, the hearing required in section 2—118.1 must be held within 30 days unless delay is caused by the petitioner, and failure to do so will require rescission of the sum-

mary suspension. *People v. Schaefer*, 154 Ill. 2d 250, 609 N.E.2d 329 (1993). Once the petition is properly filed and served:

"The burden to set the court hearing date would then shift to the State. The State is in the best position to know court schedules, court dates for police officers, and the other matters incident to an orderly administration of this legislation." *Schaefer*, 154 Ill. 2d at 261, 609 N.E.2d at 334.

The State argues that the time period for the summary suspension hearing is analogous to the time period for the speedy trial statute (725 ILCS 5/103—5 (West 2002)). It contends that a petitioner who does not object to a continuance beyond the 30-day period may be charged with the delay. See *People v. Turner*, 128 Ill. 2d 540, 539 N.E.2d 1196 (1989). We disagree.

The State has cited no authority for the proposition that rules in criminal proceedings, such as the speedy trial statute, are applicable in civil proceedings, such as summary suspensions, and our research has found no such authority. Furthermore, in *Schaefer*, our supreme court held that it is the State's burden, not the petitioner's, to set a timely date for hearing the petition to rescind the summary suspension. *Schaefer*, 154 Ill. 2d 250, 609 N.E.2d 329. Under *Schaefer*, we will not require the petitioner to assume the scheduling burden that our supreme court has ruled is the State's obligation.

■ In the present case, the 30-day statutory period commenced on November 14, 2002, when Cosenza filed his petition; it expired on December 14, 2002. The hearing began on December 2, a date within 30 days. However, the court continued the matter to December 17, a date beyond the 30 days. The record does not reflect that the delay "was occasioned by the defendant." *Schaefer*, 154 Ill. 2d at 262. Thus, following the analysis in *Schaefer*, we conclude that the State was responsible for making certain that the matter was rescheduled within the 30-day period.

The State also claims that because the original hearing commenced in a timely manner, the statutory requirements are met. Again we must disagree with the State's position. Under the plain language of the statute, the hearing is to be "conducted" within the 30-day period (625 ILCS 5/2—118.1(b) (West 2002)). *Schaefer* states that the hearing is to be "held" within this time period. *Schaefer*, 154 Ill. 2d 250, 609 N.E.2d 329. See also *People v. Ribar*, 336 Ill. App. 3d 462, 783 N.E.2d 1098 (2003); *People v. Fitterer*, 322 Ill. App. 3d 820, 751 N.E.2d 174 (2001). Under the statute and under *Schaefer*, we cannot say that the hearing in this case was "conducted" or "held" merely because it was commenced.

The legislature's intent in enacting the rescission provisions was

to resolve the matter expeditiously. Rescission proceedings are to be conducted quickly to ensure that the interests of both the State and the petitioner are protected. The State's interest is assured by swiftly removing impaired drivers from our roadways. The petitioner's interest is assured by allowing him the prompt exercise of both his due process rights and the opportunity to regain his driving privileges. *People v. Rodriguez*, 339 Ill. App. 3d 677, 791 N.E.2d 707 (2003).

Merely beginning the hearing in a timely manner does not fulfill the legislature's intent to resolve the matter expeditiously. See *Rodriguez*, 339 Ill. App. 3d 677, 791 N.E.2d 707; *People v. Moore*, 138 Ill. 2d 162, 561 N.E.2d 648 (1990). We hold that the trial court erred as a matter of law by denying Cosenza's petition to rescind the statutory summary suspension of his driver's license.

Because of this ruling, we need not reach the other issue raised by Cosenza in this appeal.

We reverse the judgment of the Kankakee County circuit court denying Cosenza's petition for rescission of his statutory summary suspension.

Reversed.

HOLDRIDGE, P.J., and BARRY, J., concur.