Docket No. 98074–Agenda 8–January 2005.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. PAUL A. COSENZA, Appellee.

Opinion filed May 19, 2005.

JUSTICE FREEMAN delivered the opinion of the court:

In this case, the Secretary of State, pursuant to section 11–505.1 of the Vehicle Code, summarily suspended defendant’s driving privileges after defendant, who had been arrested for driving under the influence, was deemed by the arresting officer to have refused the officer’s request to perform a Breathalyzer test. Defendant thereafter filed a petition to rescind the summary suspension in the circuit court of Kankakee County. The circuit court denied the petition. On appeal, the appellate court reversed the denial, holding that defendant’s hearing was not completed within the time period set by statute. 346 Ill. App. 3d 211. We granted the State’s petition for leave to appeal (177 Ill. 2d R. 315(a)) and now reverse the judgment of the appellate court.

BACKGROUND

Defendant, Paul Cosenza, was arrested for driving under the influence on October 19, 2002. At the police station following his arrest, defendant attempted to take a Breathalyzer test. The test equipment failed to register a result, however, because defendant’s breath sample was inadequate. When defendant did not attempt to give another sample, the officer administering the test deemed that defendant had refused the test. As a result, the Secretary of State later notified defendant that his driver’s license would be summarily suspended. 625 ILCS 5/11–501.1 (West 2002).

On November 14, 2002, defendant filed a petition in the circuit court of Kankakee County to rescind the summary suspension. In the petition, defendant alleged that he suffers from chronic restrictive airflow disease and that his failure to provide a sufficient breath for the Breathalyzer was the result of that medical condition. In light of his condition, defendant maintained that his insufficient breath attempts should not have been deemed by the officer as a refusal of the test. The circuit court scheduled the hearing on defendant’s petition on December 2, 2002. On that date, the hearing began, but was not completed. The matter was continued to December 17, 2002, in order to accommodate the scheduling conflicts that existed among defendant’s counsel, the prosecutor, and the trial judge.

At the beginning of the reconvened hearing on December 17, defendant filed a motion for summary judgment, asserting that the hearing on his petition was not concluded within the 30-day period required under section 2–118.1(b) of the Vehicle Code (625 ILCS 5/2–118.1(b) (West 2002)). The circuit court denied defendant’s summary judgment motion and ultimately denied defendant’s petition to rescind the summary suspension. After unsuccessfully seeking reconsideration from the circuit court, defendant appealed.

The appellate court reversed, holding that section 2–118.1(b) mandated that the hearing be completed within 30 days. 346 Ill. App. 3d 211. The appellate court rejected the State’s primary contention, which was that the 30-day time period for the summary suspension hearing is analogous to the time period for the speedy-trial statute. As such, the State contended that a petitioner who does not object to a continuance beyond the 30-day period may be charged with delay. The appellate court did not accept this argument because it knew of no authority for the proposition that the rules in criminal proceedings, such as the speedy-trial statute, are applicable in civil proceedings. 346 Ill. App. 3d at 213. The court also rejected the State’s claim that, because the original hearing commenced in a timely manner, the statutory requirements were met. The court held that under the plain language of section 2–118.1(b), the hearing is to be “conducted” within the 30-day period. 346 Ill. App. 3d at 213. To commence a hearing was not equivalent to holding or conducting a hearing. 346 Ill. App. 3d at 213. The appellate court noted that the 30-day statutory period in this case commenced on November 14, 2002, when defendant filed his petition and expired on December 14, 2002. The hearing on defendant’s petition began on December 2, 2002, which was a date within the 30-day period, but the matter was continued to December 17, 2002, a date which was beyond the 30-day period. The court held that “[m]erely beginning the hearing in a timely manner does not fulfill the legislature’s intent to resolve the matter expeditiously.” 346 Ill. App. 3d at 214.

The State thereafter petitioned this court for leave to appeal (177 Ill. 2d R. 315(a)), which we granted.

ANALYSIS

Before we begin our analysis, we will provide, as background, a short explanation of the Illinois statutory scheme that deals with those who drive under the influence of intoxicants. Section 11–501 of the Vehicle Code forbids driving while under the influence of alcohol, drugs, intoxicating compounds or any combination thereof. 625 ILCS 5/11–501 (West 2002). Persons convicted of violating section 11–501 are subject to criminal penalties. 625 ILCS 5/11–501(c), (d) (West 2002). In addition to the criminal penalties, motorists are subject to the suspension of their driving privileges. Under section 11–501.1 of the Vehicle Code, any person who drives on an Illinois public roadway and is arrested pursuant to section 11–501 is deemed to have given implied consent to a blood, breath or urine test to determine if the driver is under the influence of alcohol or drugs. 625 ILCS 5/11–501.1(a) (West 2002). Once a driver fails or refuses to take the test, the arresting officer must serve the driver with notice of the suspension of the driver’s driving privileges, which becomes effective 46 days after the notice of suspension is given. 625 ILCS 5/11–501.1(f), (g) (West 2002).
(footnote: 1) In addition, the arresting officer must submit a sworn report on the driver’s refusal to take the test or failure to pass it to both the circuit court of venue and the Secretary of State. 625 ILCS 5/11–501.1(d) (West 2002). Upon receipt of the sworn report, the Secretary of State confirms the suspension by mailing a notice of the effective date of the suspension to the driver and to the court of venue. 625 ILCS 5/11–501.1(h) (West 2002). The summary suspension does not become effective, however, until the driver is notified in writing of the impending suspension and informed that he or she may request a hearing in the circuit court of venue. 625 ILCS 5/2–118.1(a) (West 2002).

At the hearing, the defendant is required to establish a 
prima facie
 case for rescission by presenting evidence to support at least one of the grounds identified in section 2–118.1(b)(2). 
People v. Orth
, 124 Ill. 2d 326, 340 (1988). Once a 
prima facie
 case has been established by a defendant, the burden then shifts to the State to come forward with evidence in rebuttal that justifies the suspension. 
Orth
, 124 Ill. 2d at 340.

Section 2–118.1(b) of the Vehicle Code, at issue in this case, addresses hearings for statutory summary suspensions. Section 2–118.1(b) states as follows:

“Within 90 days after the notice of statutory summary suspension served under Section 11–501.1, the person may make a written request for a judicial hearing in the circuit court of venue. The request to the circuit court shall state the grounds upon which the person seeks to have the statutory summary suspension rescinded. 
Within 30 days after receipt of the written request
 or the first appearance date on the Uniform Traffic Ticket issued pursuant to a violation of Section 11–501.1 or a similar provision of a local ordinance, 
the hearing shall be conducted by the circuit court having jurisdiction
. This judicial hearing, request, or process shall not stay or delay the statutory summary suspension. The hearings shall proceed in the court in the same manner as in other civil proceedings.” (Emphases added.) 625 ILCS 5/2–118.1(b) (West 2002).

Our primary objective when interpreting a statute is to give effect to the intent of the legislature, and the most reliable indicator of that intent is the language of the statute. 
People v. Phelps
, 211 Ill. 2d 1, 15 (2004);
 People v. Hanna
, 207 Ill. 2d 486, 497-98 (2003). The interpretation of a statute is question of law, which we review 
de novo
. 
People v. Donoho
, 204 Ill. 2d 159, 172 (2003).

The State argues the appellate court erred in construing section 2–118.1(b) so as to require that all hearings on petitions to rescind a summary suspension must be completed within 30 days. In so doing, the State analogizes the time provision contained in section 2–118.1(b) to the speedy-trial provisions contained in our Code of Criminal Procedure. Defendant, on the other hand, contends that section 2–118.1(b) can only be satisfied when the hearing is completed within 30 days. We agree with the State.

We note that the appellate court here rejected construing the section 2–118.1(b) time provision analogously to the speedy-trial statute because “[m]erely beginning the hearing in a timely manner does not fulfill the legislature’s intent to resolve the [suspension] matter expeditiously.” 346 Ill. App. 3d at 214. The appellate court, therefore, appears to have equated the legislature’s use, in section 2–118.1(b), of the word “conducted” with the meaning of the word “concluded.” While we agree with the appellate court that the legislature intended for the quick resolution of these types of proceedings, we do not believe it was the legislature’s intent that, once the proceeding was timely commenced, the trial judge was to lose the authority to continue the matter if the circumstances so dictate. Indeed, had that been the legislature’s intent, it would have used words such as “concluded” or “finished,” which connote a more fixed, temporal period, in place of the word “conducted.”

Our conclusion is strengthened by reference to the speedy-trial provisions in our Code of Criminal Procedure. This court has routinely interpreted statutes on the basis of reference to another statute by analogy. 
McNamee v. Federated Equipment & Supply Co.
, 181 Ill. 2d 415, 424 (1998), quoting 2B N. Singer, Sutherland on Statutory Construction §53.03, at 233 (5th ed. 1992); 
Waste Management of Illinois, Inc. v. Illinois Pollution Control Board
, 145 Ill. 2d 345, 351 (1991). The speedy-trial statute provides that a defendant “shall be tried” within a certain period of time. See 725 ILCS 5/103–5 (West 2002). This court, however, has never construed the “shall be tried” language as requiring that a criminal trial must be “concluded” within the time period specified. Rather, this court has long held that the speedy-trial provisions are satisfied when the defendant’s trial begins within the periods set forth in the speedy-trial statute. 
People v. Williams
, 59 Ill. 2d 402, 405 (1974). We, therefore, will not construe the word “conducted” in section 2–118.1(b) to mean that the rescission hearing must be “concluded” within the 30 days specified. Accordingly, we hold that the time provision set forth in section 2–118.1(b) of the Vehicle Code is satisfied when the hearing begins within 30 days after receipt of defendant’s written request (and service on the State) unless delay is occasioned by the defendant. In our view, our analogy to the speedy-trial provisions is justified by the fact that both the speedy-trial provisions and the time provision contained in section 2–118.1(b) serve to provide due-process-based time limitations for judicial proceedings to adjudicate deprivations of rights or privileges. Construing section 2–118.1(b) in this way champions the interests of both defendants and the State. Defendants retain the right to enforce a timely hearing as contemplated in the statute, and the State is guaranteed at least 30 days to prepare for the hearing once that right is asserted. Our analogy to speedy-trial principles in cases of summary suspension is designed to ensure due process for defendants while preserving the legislature’s determination that the suspension of driving privileges represents an appropriate means to deter and remove “problem drivers” from the highway. See 625 ILCS 5/6–206.1 (West 2002). Furthermore, it serves to preserve the legislature’s intent that the license suspension proceedings are to be swift and of limited scope. See 
People v. Moore
, 138 Ill. 2d 162 (1990). We trust that our trial judges will be vigilant in ensuring that the hearings proceed expeditiously and are concluded within a reasonable period of time once they are timely commenced.

 The facts in this case demonstrate the utility of adopting such an approach. Defendant’s hearing commenced within the 30-day period, on December 2, 2002, but the parties were unable to present all of the evidence on that date. The record indicates that the trial judge, defense counsel, the prosecutor, and the arresting officer all worked together to ensure that the next court date was mutually agreeable. The record further indicates that it was defendant’s attorney who suggested the December 17 date. In our view, the circuit court handled this matter in a reasonable manner and completed the hearing in a reasonable amount of time. The appellate court, therefore, incorrectly reversed the circuit court’s judgment on the basis that the hearing was not completed within the time period specified under section 2–118.1(b).

CONCLUSION

The appellate court erred in reversing the judgment of the circuit court on the basis that the hearing on defendant’s petition contravened the time requirements contained in section 2–118.1(b), and we reverse its judgment. We note, however, that because the appellate court resolved defendant’s appeal on the timeliness issue, it did not reach defendant’s second contention, that the circuit court should have rescinded the summary suspension on the basis of defendant’s medical condition. We therefore remand the cause to the appellate court for consideration of that issue.

Appellate court judgment reversed;

cause remanded.

FOOTNOTES
1:     
1
The suspension period is determined by two factors: whether the defendant failed or refused to take the test and whether the defendant is a first-time or repeat offender. 625 ILCS 5/6–208.1 (West 2002).