THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KAREN M. RIFFICE, Defendant-Appellant.

Third District   No. 3—08—0902

Opinion filed July 8, 2009.

Ted P. Hammel (argued) and Sarah M. Vahey (argued), both of Brumund, Jacobs, Hammel, Davidson & Andreano, LLC, of Joliet, for appellant.

James Glasgow, State's Attorney, of Joliet (Terry A. Mertel and Justin A. Nicolosi (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE CARTER delivered the opinion of the court:

Defendant, Karen M. Riffice, was charged with driving under the influence of alcohol (DUI) (625 ILCS 5/11—501(a)(2) (West 2006)). She filed a petition to rescind her statutory summary suspension. After the hearing on the petition was continued, defendant filed a motion requesting that her summary suspension be rescinded because she was not given a hearing on the petition to rescind within 30 days as required under Illinois law. The trial court denied the motion, and after an evidentiary hearing, also denied defendant's petition to rescind. Defendant appeals, arguing that the trial court erred in finding that the 30-day time limit for holding a summary suspension hearing had not been violated and in denying defendant's motion for rescission on that basis. We affirm the trial court's ruling.

## FACTS

Defendant was arrested on September 27, 2008, and was charged with DUI.[1] After being arrested, defendant refused or failed to submit to chemical testing to determine the alcohol content of her blood and was given immediate notice that her driver's license would be summarily suspended. The six-month summary suspension was to take effect on November 12.

On the DUI ticket issued to defendant, the first court appearance date was scheduled for October 23. On September 30, defendant filed a petition to rescind the statutory summary suspension and certain other motions. The petition to rescind and the other motions were hand delivered to the State's Attorney's office that same day. By notice, defendant set the case for October 9, 2008, so that defendant could address in court the motions that had been filed. On the October 9 date, defense counsel appeared in court and struck the October 23 first appearance date. On motion of defendant, the case was set for October

---

[1]All dates listed in this opinion are from the year 2008, unless otherwise indicated. For simplicity purposes, the date has been omitted from this point forward.

24 for a hearing on the petition to rescind. The State later filed a motion to continue the hearing, alleging that the arresting officer would be on vacation on the initial hearing date. Over defendant's objection, the hearing was continued to October 30.

At the court hearing on October 30, defendant filed a motion for rescission of the statutory summary suspension, alleging that the State had failed to hold a hearing on the petition to rescind within 30 days as required under Illinois law (625 ILCS 5/2—118.1(b) (West 2006)). The trial court denied the motion and later, after an evidentiary hearing, denied the petition to rescind. This appeal followed.

## ANALYSIS

On appeal, defendant argues that the trial court erred in finding that the 30-day time limit for holding a summary suspension hearing had not been violated and in denying defendant's motion for rescission of the statutory summary suspension on that basis. More specifically, defendant asserts that pursuant to our supreme court's ruling in *People v. Bywater*, 223 Ill. 2d 477, 861 N.E.2d 989 (2006), the 30-day time period for holding a summary suspension hearing starts on the day that the petition to rescind is filed in the circuit court and that the first day of that period (the day of filing) must be counted in determining when the 30-day time period will end.

The State argues that the trial court's ruling was proper and should be affirmed. Relying on the Second District Appellate Court's ruling in *People v. Ribar*, 336 Ill. App. 3d 462, 783 N.E.2d 1098 (2003), the State asserts that the first day of the time period (the day of filing) is not counted in determining when the 30-day time period will end.

■ The determination of how to compute the 30-day time period for holding a hearing on a petition to rescind statutory summary suspension is a question of law subject to *de novo* review on appeal. *Ribar*, 336 Ill. App. 3d at 463, 783 N.E.2d at 1099-1100. Under section 11—501.1 of the Illinois Vehicle Code (the Code), the Secretary of State is required to summarily suspend the driver's license of any motorist who is arrested for DUI and who: (1) refuses to submit to a chemical test of his or her blood alcohol level; or (2) tests above the legal limit for alcohol content; or (3) tests positive for cannabis, controlled substance, intoxicating compound, or methamphetamine. 625 ILCS 5/11—501.1 (West 2006); *Bywater*, 223 Ill. 2d at 482, 861 N.E.2d at 992. A motorist who will be subjected to a statutory summary suspension may seek to challenge the summary suspension by filing a written request (petition to rescind) in the circuit court of venue setting forth the grounds upon which the motorist seeks to

have the summary suspension rescinded. 625 ILCS 5/2—118.1(b) (West 2006); *Bywater*, 223 Ill. 2d at 482, 861 N.E.2d at 992. Pursuant to section 2—118.1(b) of the Code, the hearing on the petition to rescind must take place "[w]ithin 30 days after receipt of the written request or the first appearance date on the [DUI traffic ticket]." 625 ILCS 5/2—118.1(b) (West 2006); *Bywater*, 223 Ill. 2d at 482, 861 N.E.2d at 992-93. If the State fails to hold a hearing within the statutory time period, the summary suspension must be rescinded, unless the delay is occasioned by the motorist. *Bywater*, 223 Ill. 2d at 486-88, 861 N.E.2d at 994-96.

In the present case, we are called upon to determine how the 30-day time period referenced in section 2—118.1(b) of the Code is to be calculated. In *People v. Bywater*, cited above, our supreme court reaffirmed its prior ruling in *People v. Schaefer*, 154 Ill. 2d 250, 609 N.E.2d 329 (1993), that the 30-day time period for holding a summary suspension hearing commences on the day that the petition to rescind is filed in the circuit court of venue. *Bywater*, 223 Ill. 2d at 486, 861 N.E.2d at 995, citing *Shaeffer*, 154 Ill. 2d at 261, 609 N.E.2d at 329. That ruling, however, merely determines when the 30-day time period starts and does not answer the exact question that is before this court—how the days in the 30-day time period are to be counted.

■ That specific question was answered by the Second District Appellate Court in *People v. Ribar*, also cited above. In *Ribar*, the Second District Appellate Court applied section 1.11 of the Statute on Statutes (5 ILCS 70/1.11 (West 2006)) in this exact context and held that for the purpose of calculating the 30-day time period, the first day of the period (the day that the petition is filed in the circuit court) is not counted. See *Ribar*, 336 Ill. App. 3d at 463-64, 783 N.E.2d at 1100; 5 ILCS 70/1.11 (West 2006) ("[t]he time within which any act provided by law is to be done shall be computed by excluding the first day and including the last"). We agree with that conclusion.

■ Thus, we find that the instant defendant was provided with a hearing on the petition to rescind within the 30-day time period. Defendant filed her petition to rescind in the circuit court on September 30 and was given a hearing on that petition on October 30. Not counting the first day of the time period, the day of filing, the hearing on the petition to rescind took place on the thirtieth day. We hold, therefore, that the trial court correctly denied defendant's motion for rescission. Despite defendant's assertion to the contrary, we see no inconsistency between the supreme court's ruling in *Bywater* and the Second District Appellate Court's ruling in *Ribar*. *Bywater* determines when the 30-day time period starts and *Ribar* determines how the days are counted.

For the foregoing reasons, we affirm the judgment of the circuit court of Will County.

Affirmed.

HOLDRIDGE and WRIGHT, JJ., concur.