# Illinois Official Reports

## Appellate Court

---

### *People v. Salvador*, 2021 IL App (3d) 200189

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. OLIVIA SALVADOR, Defendant-Appellee. |
| District & No. | Third District<br>No. 3-20-0189 |
| Filed | September 1, 2021 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 20-DT-173; the Hon. Matthew Gerard Bertani, Judge, presiding. |
| Judgment | Reversed. |
| Counsel on Appeal | James W. Glasgow, State's Attorney, of Joliet (Patrick Delfino, Thomas D. Arado, and Jessica A. Theodoratos, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.<br><br>No brief filed for appellee. |
| Panel | JUSTICE WRIGHT delivered the judgment of the court, with opinion.<br>Justices O'Brien and Schmidt concurred in the judgment and opinion. |

**OPINION**

¶ 1       Defendant, Olivia Salvador, received a uniform traffic ticket for driving under the influence of alcohol under section 11-501(a)(1) and (2) of the Illinois Vehicle Code (Code) (625 ILCS 5/11-501(a)(1)-(2) (West 2018)). Defendant, pursuant to section 2-118.1(b) of the Code (*id.* § 2-118.1(b)), filed a petition to rescind the impending statutory summary suspension of her driving privileges. However, 13 days later, defendant voluntarily withdrew her petition to rescind and did not request to reinstate that petition until more than 30 days after the initial filing date. In the meantime, the Secretary of State confirmed the statutory summary suspension. The circuit court granted defendant's motion to reinstate her petition to rescind and then rescinded defendant's statutory summary suspension, finding the State failed to conduct a hearing within 30 days of the date defendant initially filed her petition to rescind, as required by section 2-118.1(b). The State appeals. For the reasons discussed below, we reverse.

¶ 2       I. BACKGROUND

¶ 3       In the early morning of February 19, 2020, the Illinois State Police (ISP) responded to the scene of a single-vehicle accident in Wilmington Township, Illinois. The responding officer completed a sworn report, which was dated February 19, 2020, and filed in the circuit court on February 24, 2020. The sworn report included the responding officer's observations that defendant "was unresponsive in [the] driver's seat w/ key in ignition" and there was an "open bottle of tequila in [the] console." Defendant was "hysterical when extricated" and exhibited speech that was not comprehendible. The sworn report indicated defendant "refused to submit to or failed to complete testing," rendering her eligible to receive a statutory summary suspension of driving privileges. Defendant's "Refusal or Test Date" was listed as February 19, 2020.

¶ 4       However, the responding officer incorrectly listed May 2, 2020, as the date of "Notice of Summary Suspension/Revocation." Similarly, the responding officer failed to mark a box on the sworn report that indicated defendant was served with immediate notice of the statutory summary suspension. Defendant was transferred to a hospital, where her blood alcohol concentration was measured at 0.220. Defendant was issued a uniform traffic ticket for driving under the influence of alcohol under section 11-501(a)(1) and (2) of the Code.

¶ 5       On March 12, 2020, defendant filed a petition to rescind the impending statutory summary suspension of her driving privileges under section 2-118.1(b). A hearing on defendant's petition to rescind was scheduled to take place in the next 30 days, specifically, for March 25, 2020. However, when the parties appeared in the circuit court for the scheduled hearing, defendant voluntarily withdrew her petition to rescind. Defendant's counsel informed the circuit court, "Judge, we were set for a petition to rescind this morning. We are withdrawing that petition to rescind, asking to reset to June 8th for pretrial."

¶ 6       On April 10, 2020, defendant received a confirmation from the Secretary of State that her statutory summary suspension was effective on April 28, 2020. On April 23, 2020, defendant filed a single motion to reinstate her petition to rescind and dismiss the statutory summary suspension of her driving privileges, which would begin on April 28, 2020, if not rescinded by the circuit court. As support, defendant alleged that she voluntarily withdrew her petition to rescind because the matter was not ripe for review on the date of the scheduled hearing, March 25, 2020. As of that date, "there was no valid confirmation of Defendant's Statutory

Summary Suspension in the Court's file nor on record with the Secretary of State." Defendant also claimed a dismissal of the statutory summary suspension was proper since she "was not given a hearing within thirty (30) days of filing [a] Petition to Rescind the Statutory Summary Suspension."

¶ 7    Defendant's motion to reinstate the petition to rescind and dismiss the statutory summary suspension of driving privileges was scheduled for a hearing on May 5, 2020.[1] On that date, the circuit court reinstated and granted defendant's petition to rescind "due to no hearing within 30 days" under *People v. Madden*, 273 Ill. App. 3d 114 (1995).[2] The circuit court directed the Secretary of State to rescind the statutory summary suspension.

¶ 8    The State filed a timely notice of appeal on May 13, 2020.

¶ 9                                    II. ANALYSIS

¶ 10    Initially, we note that defendant has not filed a brief on appeal. In this circumstance, our supreme court's decision in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976), affords our court three distinct and discretionary options, which include (1) if justice requires, advocating for defendant or searching the record to sustain the circuit court; (2) deciding the merits if the record is simple and the issues are easily decided; and (3) reversing the circuit court for *prima facie* error supported by the record. See also *Steiner Electric Co. v. Maniscalco*, 2016 IL App (1st) 132023, ¶ 76; *People v. Kavanaugh*, 2016 IL App (3d) 150806, ¶ 24. We elect to follow the second option to resolve this appeal.

¶ 11    On appeal, the State argues defendant's "failure to receive a hearing within 30 days of filing her first petition *** was attributable exclusively to defendant and [did] not entitle her to rescission of the suspension." Therefore, the State requests a reversal of the circuit court's decision to grant defendant's petition to rescind her statutory summary suspension of driving privileges. Our review of whether the circuit court erred by granting defendant's petition to rescind in this case is *de novo*. See *People v. Clayton*, 2014 IL App (4th) 130340, ¶ 17.

---

[1]At this time, defendant had another motion to dismiss the statutory summary suspension of her driving privileges pending. In that motion, defendant argued, under section 11-501.1(g) of the Code (625 ILCS 5/11-501.1(g) (West 2018)), statutory summary suspensions of driving privileges must take effect within 46 days of notice. Defendant pointed out that notice of the statutory summary suspension of her driving privileges was provided on the date of the accident, February 19, 2020, but that the statutory summary suspension of her driving privileges was not effective until April 28, 2020, which was 69 days after the date of notice. Thus, defendant requested a dismissal based on due process violations. However, in its May 5, 2020, order, the circuit court stated, "[d]ue to the decision above, the court does not reach any decision on the motion to dismiss statutory summary suspension for [a] due process violation." Now, our court's opinion should not be read as opining on the merits of that particular motion to dismiss.

[2]Also on this date, the State requested permission from the circuit court to file an amended sworn report, dated March 13, 2020, from the ISP. The amended sworn report correctly indicated that notice of the statutory summary suspension was given to defendant on February 19, 2020. The amended sworn report also included a check mark in the box indicating that defendant was "[s]erved immediate Notice of Summary Suspension/Revocation of driving privileges." Defendant objected to the State's request. The State explained to the circuit court that the original sworn report was "not the one that *** [was] ultimately accepted by the Secretary of State's Office and filed." The circuit court granted the State's request.

¶ 12 At the outset, we briefly review the Code provisions at issue in this appeal. If a person refuses to submit to or fails to complete testing of his or her blood alcohol concentration, as is alleged against defendant in this case, then the result is a proceeding to summarily suspend that person's driving privileges under the Code. See 625 ILCS 5/11-501.1 (West 2018); *People v. Riffice*, 392 Ill. App. 3d 961, 963 (2009). Following the person's refusal or failure to complete the testing, the law enforcement officer must submit a sworn report to the circuit court and the Secretary of State under section 11-501.1(d). See 625 ILCS 5/11-501.1(d) (West 2018). Thereafter, a statutory summary suspension of the person's driving privileges "shall take effect on the 46th day following the date the notice of the statutory summary suspension *** was given." *Id.* § 11-501.1(f)-(g). In the meantime, after receiving the sworn report, the Secretary of State must confirm the statutory summary suspension of the person's driving privileges by mailing notice of the effective date to the person and the circuit court. *Id.* § 11-501.1(h).

¶ 13 However, a person against whom these proceedings are initiated is not without recourse under the Code. Section 2-118.1(b) states, "[w]ithin 90 days after the notice of statutory summary suspension *** served under Section 11-501.1, the person may make a written request for a judicial hearing in the circuit court of venue." *Id.* § 2-118.1(b). Then, "[w]ithin 30 days after receipt of the [person's] written request ***, the hearing shall be conducted by the circuit court having jurisdiction." *Id.*; see also *People v. Bywater*, 223 Ill. 2d 477, 486 (2006) (supreme court reaffirming that the 30-day period commences on the date a petition to rescind is received by the circuit court of venue). If the State fails to comply with this 30-day period—and there are no delays occasioned by the defendant—then the circuit court must rescind the statutory summary suspension of the person's driving privileges. *Riffice*, 392 Ill. App. 3d at 964 (citing *Bywater*, 223 Ill. 2d at 486-88); accord *People v. Schaefer*, 154 Ill. 2d 250, 253 (1993); see also *People v. Miklos*, 393 Ill. App. 3d 205, 209 (2009).

¶ 14 Here, the timeline is undisputed. Defendant allegedly refused to submit to or failed to complete testing of her blood alcohol concentration on February 19, 2020. On that date, the ISP completed a sworn report, which was later submitted to the circuit court on February 24, 2020. Thereafter, on March 12, 2020, defendant filed a petition to rescind the impending statutory summary suspension of her driving privileges under section 2-118.1(b). From that date, the State had 30 days—or until April 11, 2020—to hold a hearing on defendant's petition to rescind, unless there was a delay occasioned by defendant. See 625 ILCS 5/2-118.1(b) (West 2018).

¶ 15 In the trial court, the State conceded that a hearing did not occur within 30 days of March 12, 2020, which was the date defendant initially filed her petition to rescind. However, the State argued, after defendant voluntarily withdrew her petition to rescind within the 30-day period, there was no longer a pending petition to rescind on which the State could schedule and hold a hearing. We find the State's argument persuasive on appeal.

¶ 16 It is undisputed that defendant voluntarily withdrew her petition to rescind on March 25, 2020, with at least 17 days left on the State's proverbial "clock" under section 2-118.1(b). Thus, we agree, without a pending petition to rescind for the State to contest or oppose, there was no longer a matter on which the State could schedule and hold a hearing or that the circuit court could consider and resolve. As a matter of law, defendant's voluntary withdrawal of her petition to rescind stopped the 30-day period mandated by section 2-118.1(b) and relieved the State of its burden to schedule and hold a hearing by April 11, 2020. Due to that voluntary withdrawal, the delay occurring between March 25, 2020, and May 5, 2020, which was the

- 4 -

date that defendant's motion to reinstate was granted, was a delay occasioned by defendant. Therefore, based on our *de novo* review of the undisputed sequence of events, we hold the circuit court's order, rescinding defendant's statutory summary suspension of driving privileges, must be reversed.

¶ 17 Finally, although our *de novo* review does not require our court to consider the circuit court's rationale, we would be remiss if we failed to note that the circuit court, in good faith, relied on our prior decision in *Madden* to conclude that it had no choice but to rescind defendant's statutory summary suspension. Consequently, we briefly discuss the reasons *Madden* did not factor into our opinion. First, unlike in *Madden*, where the defendant's petition to rescind was involuntarily dismissed by the circuit court, defendant in this case voluntarily withdrew her petition to rescind within the 30-day period dictated by section 2-118.1(b). See *Madden*, 273 Ill. App. 3d at 115. Second, unlike in *Madden*, defendant received confirmation of her statutory summary suspension from the Secretary of State within that initial 30-day time frame, which began on the date defendant filed her petition to rescind and served notice to the State. See *id.* at 114-15. Thus, unlike in *Madden*, the obstacle created by a lack of ripeness, due to the absence of a confirmation from the Secretary of State, evaporated before the 30-day period for a hearing expired under section 2-118.1(b). See *id.* at 114-16. As such, it was defendant's voluntary withdrawal of her petition to rescind that foreclosed the possibility of the State holding a timely hearing. Due to these unique circumstances, we conclude the holding in *Madden* does not apply.

¶ 18                                   III. CONCLUSION
¶ 19 The judgment of the circuit court of Will County is reversed.

¶ 20 Reversed.